■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY BUCKMON, Appellant. [605 NYS2d 129] —Mercure, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered February 19, 1992, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.

On appeal, defendant's primary contention is that County Court erred in refusing to suppress evidence of a holster found inside his coat pursuant to a stop and frisk and an inculpatory oral utterance made by defendant following his arrest. We disagree. The uncontroverted evidence adduced at a combined *Huntley* and *Mapp* hearing was that on March 21, 1991 at approximately 11:00 P.M., Police Officers Fred Aliberti and Derek Coleman were called to the scene of a fight near the intersection of Lexington and Clinton Avenues in the City of Albany. When the officers drove up in their marked police vehicle, two women approached them and stated that defendant, who was walking away from them on Clinton Avenue, had a gun. Aliberti drove in defendant's direction and while en route observed defendant throw a gun over a chain link fence into a vacant lot. The officers immediately exited their vehicle, told defendant to stop and detained defendant pending a search of the vacant lot. At this point, Aliberti gave defendant a "quick patdown check" and discovered a nylon shoulder holster inside defendant's coat. After searching for only 30 to 60 seconds, Detective John Pologa found a loaded semiautomatic pistol in the vacant lot, within 1 to 2 feet of the fence. Upon the recovery of the weapon, defendant was placed under arrest, given his *Miranda* rights and transported to the station house. Thereafter, while two police officers were

discussing the processing of the weapon, defendant volunteered that the fingerprints on the weapon would match his fingerprints, which were already on file.

Clearly, having been informed by two citizens that defendant had a gun and having actually observed defendant attempt to secretly divest himself of a weapon, the police officers had reasonable cause to believe that defendant had committed or was committing a felony or a misdemeanor as defined in the Penal Law *(see,* CPL 140.50 [1]). That being the case, the officers had a right to stop and question defendant (CPL 140.50 [1]) and detain him while a search was made for the pistol *(see, People v Hicks,* 68 NY2d 234, 241-242). Further, the police officers' knowledge of defendant's intention to arm himself with at least one weapon led to a reasonable suspicion that defendant still possessed another, perhaps less conspicuous, weapon and justified at least a limited frisk *(see,* CPL 140.50 [3]; *Terry v Ohio,* 392 US 1, 27; *People v Salaman,* 71 NY2d 869). As for the inculpatory oral statement, the record amply supports County Court's finding that the utterance was genuinely spontaneous and not the product of police questioning or provocation *(cf., People v Maerling,* 46 NY2d 289, 301; *see, People v Ostas,* 179 AD2d 893, 895-896, *lv denied* 80 NY2d 932). As a final matter, we are not persuaded that the People failed to furnish defendant with any exculpatory material that could have affected the outcome of the trial *(see, People v Chin,* 67 NY2d 22, 33).

Weiss, P. J., Crew III and White, JJ., concur. Ordered that the judgment is affirmed.