■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BROWN, Appellant. [606 NYS2d 214] —Judgment, Supreme Court, Bronx County (Joseph Mazur, J.) rendered May 29, 1990, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him as a second felony offender to a term of 4½ to 9 years, unanimously affirmed.

Police, on anti-narcotics patrol, observed defendant from a rooftop as defendant engaged in multiple hand-to-hand exchanges. After one exchange, defendant walked to a nearby firebox, pulled out a brown bag, extracted something from the bag, and returned the bag to the firebox. Moments later, police responded, a patdown of defendant recovered a roll of cash, and the bag in the firebox was found to contain 82 vials of crack. Under the standards set forth in People v Bleakley (69 NY2d 490, 495), defendant's guilt was proved beyond a reasonable doubt by overwhelming evidence, and the verdict was not against the weight of that evidence. Defendant's evidentiary challenges, in part, are unpreserved; they are all meritless. Testimony that defendant had engaged in hand-to-hand exchanges, and references to the area as a drug prone location, provided narrative information explaining why police targeted defendant for observation (People v Rivera, 186 AD2d 504, 505). Since defendant never requested a limiting instruction at trial, that claim also is unpreserved (People v Diaz, 170 AD2d 395, lv denied 78 NY2d 954). By failing to challenge the competence of trial counsel pursuant to CPL 440.10, defendant failed to provide this Court with a reviewable record. On the

basis of the present record, we do not find that defendant was denied meaningful representation *(see, People v Rivera,* 71 NY2d 705, 709; *People v Baldi,* 54 NY2d 137, 147). We have examined defendant's remaining contentions and find them to be without merit. Concur—Carro, J. P., Ellerin, Kupferman and Ross, JJ.