■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLORENCIO PALAGUACHI, Appellant. [620 NYS2d 429] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered November 12, 1991, convicting him of rape in the first degree (six counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his conviction of six counts of rape in the first degree is illegal since the counts are duplicitous and violative of the provisions of CPL 200.30. We note that this issue is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Harris,* 150 AD2d 723, 724). In any event, this claim is without merit. Under CPL 200.30 (1), "[e]ach count of an indictment may charge one offense only" and CPL 200.50 (3) requires that an indictment must contain "[a] separate accusation or count addressed to each offense charged, if there be more than one". Thus, "where a crime is made out by the commission of one act, that act must be the only offense alleged in that count" *(People v Keindl,* 68 NY2d 410, 417). Here, the defendant was charged with criminal sexual acts occurring from November 1990 to February 1991. Each count of the indictment was premised upon a single sexual act *(cf., People v Corrado,* 161 AD2d 658). A review of the victim's testimony further demonstrates that each count was premised upon a single sexual act and not, as argued by the defendant, upon multiple sexual acts. Therefore, reversal is not mandated upon the ground of duplicitousness *(cf., People v Beauchamp,* 74 NY2d 639; *People v Vogt,* 172 AD2d 864).

In addition, the defendant contends that he was denied the effective assistance of counsel based, *inter alia,* on trial counsel's failure to call an unidentified physician to the stand to

testify on his behalf. However, the facts surrounding the unidentified physician are dehors the record. On the basis of the present record, we do not find that the defendant was denied meaningful representation *(see, People v Baldi,* 54 NY2d 137; *People v Brown,* 200 AD2d 416).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.