■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM COSBY, Appellant. [636 NYS2d 73] —Appeal by the defendant from a judgment of the Supreme Court, Kings County

(Feldman, J.), rendered July 21, 1994, convicting him of rape in the first degree, sodomy in the first degree, and rape in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at trial in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant contends that the indictment is duplicitous and insufficiently specific because each count thereof is premised upon multiple sexual acts and encompasses an excessive period of time. Having asserted this claim for the first time on appeal, the defendant has not preserved it for appellate review (see, CPL 470.05 [2]; People v Palaguachi, 210 AD2d 436). In any event, it is without merit. CPL 200.30 (1) provides, "Each count of an indictment may charge one offense only." CPL 200.50 (3) requires that an indictment contain "[a] separate accusation or count addressed to each offense charged, if there be more than one." Thus, "where a crime is made out by the commission of one act, that act must be the only offense alleged in the count" (People v Keindl, 68 NY2d 410, 417). The defendant was charged with committing criminal sexual acts from May 1992 to August 1993, and each count of the indictment encompasses a period of one month. Each count is premised upon a single sexual act and not, as the defendant claims, upon multiple acts. Moreover, each sexual act is alleged to have been committed only once within the designated month. Accordingly, the indictment is not duplicitous (see, People v Palaguachi, supra; People v Barrett, 166 AD2d 657). Further, a period of one month is not excessive under the circumstances (see, People v Barrett, supra; People v Jones, 133 AD2d 972).

The defendant's sentence is not excessive (see, People v Suitte, 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be without merit. Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.