■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN FARBMAN, Appellant. [647 NYS2d 790] —Appeal by defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered August 6, 1993, convicting him of use of a child in a sexual performance (five counts), sodomy in the second degree (nineteen counts), sodomy in the third degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, among other things, that the evidence was legally insufficient to establish his guilt of five counts of use of a child in a sexual performance because the People failed to produce the photographs upon which the charges were predicated. However, the defendant never raised this ground at trial when moving for dismissal. Therefore, this issue is unpreserved for appellate review. In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish his guilt of those counts of the indictment beyond a reasonable doubt.

The defendant also contends that he is entitled to reversal of his conviction on counts 21 through 43 of the indictment because these counts are duplicitous and violative of the provi-

sions of CPL 200.30. We disagree. The defendant was charged with criminal sexual acts occurring from September 1988 to May 1989. Each count was premised upon a single sexual act *(cf., People v Corrado,* 161 AD2d 658), and was supported by the victim's testimony as to each such act. Therefore, reversal is not warranted upon the ground of duplicitousness *(see, People v Cosby,* 222 AD2d 690; *People v Palaguachi,* 210 AD2d 436). Furthermore, under the circumstances of this case, the time periods alleged as to each of the above counts are sufficiently specific *(see, People v Cosby, supra; People v Palaguachi, supra; People v Sulkey,* 195 AD2d 1026; *People v Smith,* 178 AD2d 918).

We have examined the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, Copertino and Santucci, JJ., concur.