■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALLY DIAZ, Also Known as HERIBERTO W. DIAZ, Appellant. [660 NYS2d 72] —Yesawich Jr., J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered September 20, 1995, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

In satisfaction of an indictment charging him with assault in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, defendant pleaded guilty to the latter charge in full satisfaction of the indictment and was sentenced to a prison term of $2^1/_3$ to 7 years. Defendant now appeals.

We reject defendant's contention that he was denied meaningful representation because his counsel failed to pursue certain pretrial motions on his behalf. Although defendant's right to challenge the competency of the legal representation he relied upon in accepting the plea bargain and entering the guilty plea survives his waiver of appeal (*see, People v Bass*, 263 AD2d 651), to prevail on his claim of ineffective assistance, defendant "must demonstrate the absence of strategic or other legitimate explanations" for his counsel's action or inaction (*People v Garcia*, 75 NY2d 973, 974; *see, People v Bass, supra*; *People v Hartford*, 217 AD2d 798, 799). This defendant has failed to do.

The record discloses that defense counsel assisted defendant at every stage of the proceedings, made appropriate pretrial motions, sought relevant discovery, successfully negotiated a

very advantageous plea bargain and advised defendant of the rights he would forfeit by his plea, including the right to present evidence and obtain rulings with respect to applicable pretrial motions. Defendant acknowledged to County Court that he understood what his counsel had explained to him regarding the ramifications of pleading guilty and that he was satisfied with his legal representation. In our view, there is no basis to conclude that defendant was afforded anything less than meaningful representation (*see, People v Baldi*, 54 NY2d 137).

Assuming arguendo that defendant's challenge to his sentence survived his waiver of appeal (*see, People v Allen*, 82 NY2d 761, 763), we are not persuaded that it was harsh and excessive. The sentence is within statutory parameters and was part of a negotiated plea bargain which significantly reduced defendant's sentence exposure. In the absence of an abuse of discretion or extraordinary circumstances warranting reduction (*see, People v Douglas*, 238 AD2d 632; *People v Mackey*, 136 AD2d 780, *lv denied* 71 NY2d 899), we find no reason to disturb it.

Cardona, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.