■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DMITRIS HALDEOS, Appellant. [672 NYS2d 142] —Peters, J. Appeals (1) from a judgment of the Supreme Court (Teresi, J.), rendered August 9, 1994 in Albany County, convicting defendant upon his plea of guilty of the crime of assault in the second degree, and (2) by permission, from an order of said court, entered June 18, 1997 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In October 1993, defendant was indicted and charged with one count of assault in the second degree. On the scheduled trial date in August 1994, defendant moved for an adjournment on the basis of defense counsel's inadequate representation; specifically, defendant complained of unreturned telephone calls and inadequate witness preparation. On the same date, after his adjournment motion was denied, defendant pleaded guilty to the charged crime in exchange for the People's recommended sentence of four months in jail, 100 hours of community service and five years of probation.

Sentenced in accordance with the People's recommendation in September 1994, defendant subsequently obtained permission to file a late notice of appeal (see, CPL 460.30). Thereafter, he moved pursuant to CPL article 440 to vacate the conviction on the ground of ineffective representation and requested that a conviction of assault in the third degree be substituted. Supreme Court denied the motion and, by permission, defendant appeals therefrom.

Proceeding pro se, defendant argues that, although innocent, he entered the guilty plea under pressure because Supreme Court's refusal of his adjournment motion forced him to proceed to trial with ineffective counsel. Initially, insofar as defendant voluntarily and intelligently waived his right to appeal (see, People v Raquel, 238 AD2d 766; People v Berezansky, 229 AD2d 768, lv denied 89 NY2d 919), his protestation of alleged innocence is not properly raised. In any event, however, review of the plea allocution—wherein defendant admitted to hitting the victim and kicking him in the head—is satisfactory to support the conviction of assault in the second degree.

Furthermore, although defendant's arguments of coercion and ineffective assistance of counsel survive the waiver of his appeal rights (see, People v Seaberg, 74 NY2d 1, 10; People v Francabandera, 33 NY2d 429, 434, n 2; People v Diaz, 240 AD2d 961), they are not persuasive. The record indicates that defendant knowingly, voluntarily and intelligently pleaded guilty to the crime of assault in the second degree (see, People

*v Kalvaitis*, 238 AD2d 756, *lv denied* 90 NY2d 859), acknowledging that he was entering into the plea freely and voluntarily, that he had not been threatened, coerced or forced to do so and that he had consulted with his counsel for an adequate amount of time such that he understood the ramifications of his plea entry. Furthermore, there was record evidence of adequate preparation by defense counsel, who negotiated a very advantageous plea bargain (*see, People v Diaz, supra*).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment and order are affirmed.