■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL D. HOLLINS, Appellant. [670 NYS2d 925] —Spain, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered August 29, 1996, convicting

defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

On December 12, 1995, State Troopers David Waite and Dan Buchy stopped the motor vehicle defendant was operating after witnessing his vehicle weaving within its lane, touching and crossing the fog line and proceeding at a low rate of speed. Defendant passed an alcohol sobriety test but was unable to produce a valid driver's license; defendant did, however, produce a learner's permit which required the presence of a licensed operator in the vehicle. Upon further inquiry it was determined that neither of the two passengers in the vehicle could present a valid driver's license. At defendant's urging, because he claimed that his license had either been stolen or lost, Waite agreed to run a computer check in order to ascertain if defendant held a valid driver's license.

Prior to making the computer check, Waite asked defendant to sit in the front seat of the police vehicle with him while he used the vehicle radio to call in the request. Pursuant to his training, Waite informed defendant that he had to pat him down on the outside of his clothing before defendant could be placed inside the vehicle. According to Waite, defendant did not respond when informed of the required patdown but, when Waite began to do so on defendant's left side, defendant took a step back, asked Waite what he was doing and grabbed for the right side of his coat pocket. Thereafter, Waite instructed defendant to put his hands on the hood of the car and felt what he believed to be a gun in the area of defendant's coat where defendant had grabbed. Defendant affirmatively answered Waite's query as to whether he had a gun in his pocket and Waite handcuffed defendant and retrieved a loaded .32-caliber revolver from defendant's coat pocket. Thereafter, the passengers in defendant's vehicle were removed and Buchy's search of the vehicle revealed a loaded 9-millimeter handgun in a bag on the rear passenger side floor. After having been transported to the police station and advised of his *Miranda* rights, defendant made several remarks to various State Troopers admitting that he had owned the gun found on him for approximately four to five months, that he did not have a permit for it and that he had it because it is a common thing where he lived.

Defendant was indicted on two counts of criminal possession of a weapon in the third degree. After a two-day suppression hearing which was resolved against him, defendant entered a plea of guilty to one count of the crime of criminal possession of a weapon in the third degree in full satisfaction of the indict-

ment. Defendant was sentenced to an indeterminate prison term of 2 to 4 years. Defendant appeals.

We affirm. Upon our review of the record we reject defendant's contention that he was improperly searched (*see*, CPL 140.50 [3]; *see also, Terry v Ohio*, 392 US 1; *People v De Bour*, 40 NY2d 210, 223). The record reveals that it was at defendant's urging that Waite agreed to do a computer check to ascertain if defendant was the holder of a valid driver's license. Waite testified that he had to perform such computer check via the vehicle radio because his portable walkie-talkie would not work due to distance constraints and that the procedure he used was for both his convenience and safety. Waite also informed defendant that standard safety procedure required that defendant be frisked before he could sit in the police vehicle; significantly, defendant did not object to the proposed patdown. Defendant's behavior in, *inter alia*, pulling away and grabbing one of his coat pockets provided Waite with a reasonable basis to suspect that defendant possessed a weapon which might result in serious physical injury (*see*, CPL 140.50 [3]), thereby validating the continuance of the patdown frisk for weapons (*see, Terry v Ohio, supra*, at 27; *see generally, People v Salaman*, 71 NY2d 869; *People v Buckmon*, 199 AD2d 620, *lv denied* 83 NY2d 803). In our view, under the attendant circumstances, Waite had a legitimate basis to conduct the patdown frisk prior to defendant entering the police vehicle (*compare, People v Kinsella*, 139 AD2d 909). Accordingly, we will not disturb County Court's determination.

We also reject defendant's remaining contentions that he was denied the effective assistance of counsel and that his sentence was harsh and excessive. The record reveals that defendant's counsel effectively secured defendant's release from jail upon a CPL 190.80 motion; made lengthy pretrial motions raising a variety of issues including challenges to the facial sufficiency of the indictment, the alleged underrepresentation of the Grand Jury, the sufficiency of the evidence before the Grand Jury as well as the instructions given to the Grand Jury, and arguments that defendant's statements should be suppressed; and effectively cross-examined the People's witnesses as well as presented a defense witness and photographic evidence in an attempt to discredit Waite's testimony regarding the basis for the traffic stop. In light of all of the above, it cannot be said that defendant did not receive meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147; *People v Diaz*, 240 AD2d 961, 962; *People v Barber*, 231 AD2d 835). Finally, we conclude that the sentence imposed was neither

harsh nor excessive, especially in light of the fact that the sentence, which was not the harshest possible, was agreed to as part of the plea bargain (*see, People v Mitchell*, 243 AD2d 1005; *People v Millard*, 241 AD2d 567).

Mikoll, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.