(November 25, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE GREEN, Appellant. [681 NYS2d 795] —Crew III, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered March 4, 1997 in Albany County, convicting defendant upon his plea of guilty of the crimes of attempted assault in the second degree and attempted criminal possession of a weapon in the third degree.

Defendant pleaded guilty to the crimes of attempted assault in the second degree and attempted criminal possession of a weapon in the third degree in full satisfaction of a three-count indictment. As a result of the negotiated plea agreement, defendant was sentenced to two concurrent prison terms of 1⅓ to 4 years. Defendant appeals contending that County Court erred by failing to suppress a statement he made to police officers and that his sentence was harsh and excessive.

We reject defendant's contention that County Court erred by failing to suppress the statement he made to police officers while he was in the hospital. While his victim was receiving medical treatment, defendant was standing in the hallway. Two police officers arrived at the hospital and, upon seeing them, defendant approached the police officers and told them that he had hit the victim with a belt. The statement was not derived while defendant was in custody or as a result of an interrogation and, therefore, there was no *Miranda* violation (*see, People v Centano*, 76 NY2d 837, 838; *People v Yukl*, 25 NY2d 585).

Similarly unavailing is defendant's contention that his sentence was harsh and excessive. Given defendant's lengthy criminal history, as well as the fact that the sentence was agreed to and was not the harshest sentence possible, we find no reason to disturb County Court's sentence (*see, People v Hollins*, 248 AD2d 892, 893-894; *People v Johnson*, 243 AD2d 997, 998, *lv denied* 91 NY2d 926; *People v Diaz*, 240 AD2d 961; *People v Richard*, 229 AD2d 787, *lv denied* 89 NY2d 928; *People v Alicea*, 176 AD2d 143).

Mikoll, J. P., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.