■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP L. SWACKHAMMER, Appellant. [692 NYS2d 177] —Mikoll, J. P. Appeals (1) from a judgment of the County Court of Broome County (Mathews, J.), rendered March 4, 1996, convicting defendant following a nonjury trial of the crimes of sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child, and (2) by permission, from an order of said court, entered March 12, 1998, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Defendant was charged in a three-count indictment with sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child involving his nine-year-old stepdaughter. The sodomy and sexual abuse counts each alleged one incident of deviate sexual intercourse and sexual contact, respectively, occurring "on or about the late Spring, 1994". The misdemeanor count alleged similar conduct spanning a two-year period. The indictment did not otherwise contain any specific factual allegations and defendant did not seek amplification by way of a bill of particulars. He waived his right to a jury trial and was convicted as charged after a bench trial. His subsequent CPL 440.10 motion was denied without a hearing, and defendant now appeals from the underlying conviction and denial of the CPL 440.10 motion.

Defendant's claim that the first two counts of the indictment were duplicitous is unpreserved for our review since he neither moved to dismiss the indictment on that basis, sought particularization of the charged conduct or objected to the submission of those counts to the court[1] (*see*, *People v Morey*, 224 AD2d 730, 731, *lv denied* 87 NY2d 1022; *People v Fisher*, 223 AD2d

---

1. Defendant's dismissal motion at the close of the People's case was based upon failure to prove the crimes charged beyond a reasonable doubt.

493, 494, *lv denied* 88 NY2d 936; *People v Palaguachi*, 210 AD2d 436, *lv denied* 85 NY2d 912; *People v Tice*, 147 AD2d 776, 778, *lv denied* 74 NY2d 748). Moreover, were the claim preserved, we would find it to be without merit since, as noted, each felony count of the indictment charged defendant with the commission of a single crime occurring in late spring of 1994.

Defendant next claims that the trial evidence varied impermissibly from the evidence supporting the indictment, rendering it impossible to determine whether the two felonies of which he was convicted were the same incidents presented to the Grand Jury. The first count of the indictment charged that defendant committed sodomy in the first degree by engaging in deviate sexual intercourse with a nine-year-old female. "Deviate sexual intercourse", as defined in Penal Law § 130.00 (2), includes, *inter alia*, contact between the "mouth and the vulva". The victim testified in the Grand Jury and at trial that defendant put his mouth to her vagina on one occasion in the late spring of 1994. This testimony was sufficient to establish that defendant committed sodomy in the first degree as charged in the indictment. Although the victim also testified in the Grand Jury as to numerous other instances of sodomy over a two-year period, that evidence related to the count charging defendant with endangering the welfare of a child.

Defendant's conviction under the second count of the indictment is more problematic. This count charged that defendant committed sexual abuse in the first degree by subjecting the child to "[s]exual contact" which is defined in Penal Law § 130.00 (3) as "any touching of the sexual or other intimate parts". The victim testified in the Grand Jury that during the spring of 1994 defendant rubbed her vagina on at least one occasion, but she specifically denied any penis to vagina contact during that time period. At trial, it was the People's position that the sexual abuse count related to defendant's touching the child's vagina during the same incident involving the sodomy charge. The victim's direct testimony was consistent with this position. On cross-examination, however, she testified to a second incident in the spring of 1994 where defendant subjected her to penis to vagina contact. At the conclusion of closing arguments, County Court alluded to the victim's testimony regarding this subsequent incident, and sought clarification from the prosecutor as to the conduct on which the sexual abuse count was premised. The prosecutor reiterated that the sexual abuse count related to defendant's touching the child's vagina on the same occasion the sodomy was committed. When the court announced its verdict, it did not identify

the underlying conduct, but at sentencing the court specifically noted that it found two separate incidents to have occurred in the spring of 1994, one in which defendant committed sodomy and in the second in which he committed sexual abuse by penis to vagina contact.

Defendant now complains that his conviction of sexual abuse is based upon an incident for which he was not indicted, as to which no evidence was presented to the Grand Jury (or even as part of the People's direct case at trial), and which the People specifically disclaimed as the foundation for that charge.[2] Despite the fact that legally sufficient trial evidence was adduced to support the sexual abuse conviction based upon the victim's testimony that defendant touched her vagina on the same occasion he sodomized her, we agree with defendant that County Court's explicit statement that it premised the conviction under the second count upon the uncharged penis to vagina incident requires reversal on that count (*see, People v Grega*, 72 NY2d 489, 495-496; *People v Iannone*, 45 NY2d 589, 594). As defendant was sentenced to a concurrent term of imprisonment on that count, we need not remit for resentencing.

Defendant's claim that he was denied effective assistance of counsel is without merit. His complaints derive principally from counsel's failure to move for inspection of the Grand Jury minutes or seek dismissal of the indictment due to the claimed deficiencies therein, or to require a more specific bill of particulars. While the better practice would have been for counsel to have moved against the indictment, and to have sought a bill of particulars specifying the precise acts alleged to constitute the charged offenses, his failure to do so did not impact upon the conduct of the defense or otherwise prejudice defendant. It appears that by virtue of pretrial disclosure and discovery, the defense was fully aware of the nature of the allegations and the extent of the People's proof. Defendant testified and categorically denied any sexual activity with the victim, and his trial strategy was essentially directed at challenging the credibility of the victim. Defendant's CPL 440.10 motion was properly denied without a hearing as none of the claims raised in his motion required development of non-record facts.

---

2. In the postsummation colloquy referred to *supra*, the prosecutor stated: "I think [the victim] testified there may have been another occasion when he didn't place his mouth on her vagina and rub it but there was another occasion in which he rubbed her vagina with his penis. *That would not be the crime of sex abuse in the first degree* or sodomy in the first degree alleged in the indictment." (Emphasis supplied.)

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment and order are modified, on the law, by reversing so much thereof as convicted defendant of the crime of sexual abuse in the first degree, and, as so ·modified, affirmed.