■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAIAH McCOY, Appellant. [699 NYS2d 131] —Cardona, P. J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered September 27, 1996, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree (two counts) and criminal possession of a controlled substance in the third degree.

While on patrol during the early morning hours of December 12, 1995 in the Village of Watkins Glen, Schuyler County, State Troopers David Waite and Daniel Buchy observed a grey Honda Civic automobile weaving within its own lane. The officers noticed that the vehicle was traveling slower than the posted speed limit and, believing that it posed a safety hazard and the driver might be intoxicated, they stopped the vehicle in Chemung County. There were three individuals occupying the vehicle with defendant seated in the back seat behind the front passenger. At Waite's direction, the driver, Nathaniel Hollins, exited the vehicle and successfully performed certain sobriety tests.

Since Hollins only had a learner's permit and the other occupants did not possess valid driver's licenses, Waite advised Hollins that he would have to be seated in the patrol vehicle while a computer check of his driving status was performed. Waite informed Hollins that he needed to pat him down before he entered the patrol vehicle. During the pat-down, Hollins attempted to pull away from Waite and grabbed for his right coat pocket. Waite discovered a loaded revolver in Hollins' coat pocket. After additional officers arrived at the scene, the other occupants were removed from the vehicle and patted down. While no weapons were found on defendant, he was handcuffed and placed in a patrol vehicle driven by Deputy Sheriff Scott Smith. A subsequent search of the automobile revealed a loaded handgun wrapped in a yellow shopping bag on the floor in the rear behind the front passenger's seat. After defendant was removed from Smith's patrol vehicle, it was also searched and a plastic bag containing cocaine, marihuana and a metal crack pipe were found.

Thereafter, defendant was charged in counts one and two of the indictment with criminal possession of a weapon in the third degree and in the third count with criminal possession of a controlled substance in the third degree. Although the first trial ended in a mistrial, defendant was convicted of all charges following a second trial. As to the first count of the indictment, defendant was sentenced as a predicate violent felony offender to a determinate prison term of seven years. As to the second and third counts of the indictment, defendant was sentenced as a predicate felony offender to 3½ to 7 years and 10 to 20 years in prison, respectively. All sentences were to run concurrently. Defendant appeals.

Initially, we find no merit to defendant's claim that the stop and search of the vehicle was illegal and required the suppression of all evidence derived therefrom. Since the vehicle was weaving and traveling at a slow rate of speed, the officers had a reasonable basis for stopping the vehicle in the first instance for the purpose of conducting a routine traffic check (*see, People v Ingle*, 36 NY2d 413, 414; *People v Hoffman*, 135 AD2d 299, 301). As we noted in *People v Hollins* (248 AD2d 892, 894), the subsequent pat-down of Hollins by the officers for the purpose of searching for weapons was justified under the circumstances. Since a weapon was, in fact, found in Hollins' pocket, this provided probable cause for the officers' pat down of the other occupants and search of the automobile (*see, e.g., People v Pinus*, 184 AD2d 666, *lv denied* 80 NY2d 976; *People v Campbell*, 176 AD2d 814). Consequently, we find no basis to disturb County Court's denial of defendant's suppression motion.

In addition, defendant contends that the prosecution improperly used a peremptory challenge to strike the only African American on the jury panel and that County Court erred in failing to conduct a hearing pursuant to *Batson v Kentucky* (476 US 79) prior to allowing the prosecution to strike this juror. We disagree. It is understood that the use of a peremptory challenge to exclude a potential juror on the basis of race violates the Equal Protection Clause of the 14th Amendment of the US Constitution (*see, People v Payne*, 88 NY2d 172, 181). The initial burden is on the defendant objecting to the use of the peremptory challenge to allege facts raising the inference of discrimination (*see, People v Allen*, 86 NY2d 101, 104), whereupon the burden shifts to the prosecution to articulate a race-neutral reason for striking the juror (*see, id.,* at 109). Once a facially neutral explanation has been advanced, the trial court must determine if the proffered explanation is pretextual based upon the proof put forth by the defendant

(see, id., at 110). Notably, "[t]he trial court's factual assessment of the prosecutor's motivation is entitled to great deference" (People v Duncan, 177 AD2d 187, 194, lv denied 79 NY2d 1048).

During jury selection, the prosecutor inquired whether any of the prospective jurors had any positive or negative experiences with police officers. The only African American on the panel, a female whose surname was Swan, responded that her sons had "run-ins" with the police. The prosecutor exercised a peremptory challenge striking the juror from the panel and defense counsel objected. Upon inquiry by County Court, the prosecutor indicated that the juror was excluded because he knew a Michael Swan, who had been involved with the law, whom he believed to be a relative of the juror. After the prospective juror stated she was not related to a Michael Swan, County Court rejected this reason as a basis for striking her from the panel. The prosecutor, however, reasserted the challenge proffering the reason that he did not want jurors with family members involved with the law and had struck two other jurors on the same ground. Given Swan's admission of her sons' involvement with the law and defense counsel's failure to come forward with additional proof of a discriminatory motive, we find that County Court did not err in allowing the prosecutor to strike her as a juror (see, People v Dolphy, 257 AD2d 681, lv denied 93 NY2d 872) and that a further hearing was not necessary.

Defendant further asserts that the verdict is against the weight of the evidence. Under this standard of review, we must " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' * * * [and] [i]f it appears that the trier of fact has failed to give the evidence the weight it should be accorded", we must set aside the verdict (People v Bleakley, 69 NY2d 490, 495, quoting People ex rel. MacCracken v Miller, 291 NY 55, 62). Turning first to the charge of criminal possession of a controlled substance in the third degree, Smith testified that his patrol vehicle was thoroughly searched prior to defendant's detention and no contraband was found. Smith stated that he was the only person to use the vehicle between the time of that search and defendant's placement in the back seat of the vehicle. It is undisputed that although defendant was handcuffed, he was not supervised while sitting in the vehicle. Smith stated that immediately after defendant was removed from the vehicle, it was searched at the scene. He and other police officers participating in the search stated that a

plastic bag containing cocaine, marihuana and a crack pipe were found under the back seat. According to a police investigator specializing in drug enforcement, the quantity of cocaine recovered was indicative of possession for sale. Inasmuch as this evidence clearly supports defendant's conviction of criminal possession of a controlled substance in the third degree, we find no reason to disturb it.

We reach a different conclusion, however, with respect to defendant's conviction of the charges of criminal possession of a weapon in the third degree which were based on the recovery of the handgun wrapped in the plastic shopping bag on the floor behind the front passenger's seat of the automobile. No fingerprints were found on the bag or the weapon and no evidence was adduced by the prosecution establishing that it was defendant who possessed this weapon. In fact, defendant's brother, who was the front-seat passenger, testified that he had the weapon and a clip in the shopping bag in his pocket and placed it under the front passenger's seat after the police started following their car. In view of this, we conclude that the judgment convicting defendant of the charges of criminal possession of a weapon in the third degree must be reversed.

In view of our disposition, the only sentence left for our review is the 10 to 20-year term of imprisonment imposed upon defendant as a predicate felon for the crime of criminal possession of a controlled substance in the third degree. In view of defendant's extensive criminal record and all the circumstances presented herein, we find that the sentence is neither harsh nor excessive (*see, e.g.*, *People v Jackson*, 251 AD2d 820, *lv denied* 92 NY2d 926; *People v Belo*, 240 AD2d 964, *lv denied* 91 NY2d 869). Moreover, we need not remit for resentencing inasmuch as defendant was sentenced to a concurrent term of imprisonment (*see, People v Swackhammer*, 260 AD2d 939, 941, *lv denied* 93 NY2d 1028).

Mercure, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of two counts of the crime of criminal possession of a weapon in the third degree; counts one and two of the indictment are dismissed; and, as so modified, affirmed.