Florencio PALAGUACHI,
Petitioner–Appellant,

v.

John P. KEANE, Sup't., Woodburne Correctional Facility, Respondent–Appellee.

Docket No. 02–2190.

United States Court of Appeals,
Second Circuit.

Feb. 7, 2003.

Philip R. Schatz, Wrobel & Schatz, New York, NY, for Appellant.

Marie–Claude P. Wrenn, Assistant District Attorney, for Charles J. Hynes, District Attorney, Kings County, (Leonard Joblove, Assistant District Attorney, on the brief), for Appellee.

Present: VAN GRAAFEILAND, and B.D. PARKER, Jr., Circuit Judges. and RAKOFF,[1] District Judge.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Petitioner Florencio Palaguachi appeals the denial by the United States District Court for the Eastern District of New York (Sifton, *S.J.*) of his petition for habeas corpus, asserting a due process violation based on newly discovered evidence. *See* 28 U.S.C. § 2254. Petitioner was convicted in November 1991 following a jury trial in Supreme Court, Kings County, of six counts of the first degree rape of his daughter, Jenny Palaguachi, and sentenced to six concurrent terms of 6 to 18 years' imprisonment.

On direct appeal, the Appellate Division affirmed the conviction. *People v. Palaguachi*, 210 A.D.2d 436, 620 N.Y.S.2d 429 (2d Dep't 1994). Leave to appeal was denied by the New York Court of Appeals. *People v. Palaguachi*, 85 N.Y.2d 912, 627 N.Y.S.2d 335, 650 N.E.2d 1337 (1995).

Petitioner, proceeding pro se, then moved in February 1998, in Supreme Court, Kings County, for an order vacating his judgment of conviction pursuant to N.Y.Crim. Pro. Law § 440.10(1)(g) on the ground of newly discovered evidence. Petitioner attached to his motion two notarized letters from Jenny Palaguachi dated December 9, 1996, and February 10, 1998, in which Jenny claimed a partial memory loss of the events in question and requested the release of her father. In response, the State obtained and submitted an affirmation by Jenny, purporting to "clarify what was stated in the notarized 1996 and 1998 letters written by myself ... and offered to this Court by my father as support for his motion." A47. In this affirmation, Jenny stated that she "testified truthfully to the best of my ability" at trial, although she no longer remembers "many details about what happened between myself and my father any more." A47. In June 1998, Supreme Court Justice Michael R. Juviler, who had presided over petitioner's trial, denied the motion, finding that in light of Jenny's affirmation that she testified "truthfully" at trial, petitioner had not presented "new evidence," in the form of a recantation. A17. The Appellate Division denied petitioner's application for leave to appeal this order.

1. The Honorable Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

On September 20, 1999, petitioner filed a pro se petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York, asserting a variety of claims including a due process claim based on newly discovered evidence (the same letters presented to the state court). After the State challenged the timeliness of all of petitioner's claims except the newly discovered evidence claim, petitioner withdrew his other claims, leaving only the claim based on newly discovered evidence. A7.

In February 2000, petitioner submitted to the District Court an unsworn letter by Jenny to the New York State Division of Parole, stating that petitioner "is an innocent man, [who] never violated (rape) me or anyone else." A49. In May 2000, petitioner submitted a third notarized affidavit by Jenny, now 19 years old, in which she expressly recanted her trial testimony. This affidavit states, in pertinent part:

> I am submitting this statement based on the truth, asking to the court to set a side [sic] my father's conviction due to false statements made during his trial. During my father's trial dated between September to October, 1991. I was a child of 10 years old and I did not understand what was actually taking place. I was very young and the things I stated in court were all fabricated due to the district attorney coaching me.

A50.

The District Court first determined (correctly) that because the recantation affidavit had never been submitted to state court, petitioner's claim was unexhausted. A20. Notwithstanding this determination, however, the District Court, as authorized by Congress in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), *see* 28 U.S.C. § 2254(b)(2), turned to the merits and denied the petition. "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." *Id.* The Court determined that Jenny's recantation was not credible in light of the evolution of her statements, the type of crime involved, which is "of the type one would ordinarily try to repress," her guilt over her father's continued incarceration and her expressed motivation to maintain a relationship with him. A23. The District Court, however, issued a certificate of appealability "on the issue of whether petitioner's due process rights were abridged." A24.

Petitioner appealed to this court and, shortly thereafter, also filed another motion pursuant to N.Y.Crim. Pro. Law § 440.10(1)(g) to vacate his conviction in Supreme Court, Kings County. The court denied this motion without an evidentiary hearing, also finding that Jenny's recantation lacked credibility.

Petitioner contends that the District Court's denial on the merits was erroneous, because out of concerns of federalism and comity it should have allowed the state court to first consider the claim. We disagree since 28 U.S.C. § 2254(b)(2) expressly authorizes a federal court to deny an unexhausted claim on the merits.

Having reviewed the record, we conclude, for substantially the same reasons given by the District Court, that petitioner did not make out a credible claim of witness recantation. *See Sanders v. Sullivan,* 863 F.2d 218, 222 (2d Cir.1988) (noting that a "credible recantation" is a prerequisite to establishing a due process violation).

The judgment of the District Court is AFFIRMED.