(December 30, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY RUSH, Appellant. [914 NYS2d 349]—

Malone Jr., J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered May 25, 2004, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant, a prison inmate, injured a correction officer during an altercation and was charged with assault in the second degree. He pleaded guilty to that crime and was sentenced to five years in prison to be followed by five years of postrelease supervision. Although the conviction was originally affirmed by this Court (*People v Rush*, 50 AD3d 1246 [2008]), we subsequently granted defendant's motion for a writ of error coram nobis, vacated our earlier decision and reinstated his appeal. In doing so, we permitted defendant to challenge the sufficiency of his plea allocution and the voluntariness of his plea.

Earlier on the day he entered his plea—following extensive discussions regarding a potentially agreeable sentence—defendant maintained his innocence and stated his unwillingness to "participate in [a] railroad job." He thereafter waived his right to be present in the courtroom. During the ensuing jury selection process, County Court received a note indicating that defendant "is telling holding cell officers that he is diabetic and wants medical attention." After a test of defendant's blood sugar revealed levels in the "low but normal" range, defense counsel informed County Court that defendant, "having relieved himself of that stress and had some time to reflect," was willing to enter a guilty plea to the proposed disposition that had been discussed earlier that morning. Notably, the record reveals that defendant requested to speak privately with his attorney and initiated the renewed plea discussions himself.

Upon his return to the court room, defendant and County Court engaged in a detailed plea colloquy during which defendant verified that he had not been threatened and was entering the guilty plea voluntarily, confirmed that he had ample time to

discuss the plea and its consequences with his attorney, and acknowledged that he understood the rights he was relinquishing. While also indicating that he had recently taken insulin, defendant nonetheless stated that he was "fully aware of what [was] going on around [him]." County Court then ascertained that defendant had been confined to a correctional facility when the incident occurred—an element of the crime charged (see Penal Law § 120.05 [7]). As to the remaining elements, defendant stated that he did not intend to injure the correction officer and that he was acting in self-defense.

Clearly, such statements cast doubt on defendant's guilt and negated an essential element of the crime, thus triggering County Court's duty to ensure that defendant understood the nature of the charge and that he was intelligently entering the plea (see People v Lopez, 71 NY2d 662, 666 [1988]). Upon our review of the record, we are persuaded that County Court satisfied its responsibility in this regard. In response to County Court's immediate follow-up inquiry, defense counsel indicated that defendant was aware that facts at a trial might show that defendant, while being carried by four correction officers, kicked and injured one of the four. More specifically, defense counsel stated that defendant "believes if the matter went to trial there is a very good possibility that the jury could find him guilty on those facts, that intent—which is a silent operation of the mind—could be proven." County Court then sought and received affirmation of defense counsel's statements from defendant and verified that the correction officer's injury satisfied statutory requirements before accepting defendant's guilty plea.

In our view, particularly given defendant's "positive confirmation of his lawyer's exposition" (People v Nixon, 21 NY2d 338, 350 [1967]), the foregoing is reflective of a knowing, voluntary and intelligent guilty plea (see People v Haldeos, 248 AD2d 804, 804-805 [1998]). Indeed, "defendant, represented by counsel and no novice to the criminal justice system, clearly understood the nature of the charges to which he was pleading and willingly entered his plea to obtain the benefit of the bargain he had struck" (People v Goldstein, 12 NY3d 295, 301 [2009]).

We have considered defendant's remaining contentions and find them to be unpersuasive.

Cardona, P.J., Mercure, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.