Spain, J.
We affirm. Initially, inasmuch as the record before us does not indicate that defendant moved to withdraw his plea or sought to vacate the judgment of conviction, “he has failed to preserve his challenge to the sufficiency of the plea allocution premised on County Court’s alleged failure to make an adequate inquiry concerning his claim of self-defense” (People v Simpson, 19 AD3d 945, 945 [2005]; see People v Richardson, 275 AD2d 864, 865 [2000], lv denied 95 NY2d 937 [2000]) and his claim that he was denied the effective assistance of counsel (see People v Gomez, 72 AD3d 1337, 1337 [2010]). Moreover, the narrow exception to the preservation requirement is not applicable here because, even assuming that defendant’s remarks raised a legitimate claim of self-defense, the court satisfied its duty of further inquiry (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Simpson, 19 AD3d at 945; People v Moore, 270 AD2d 715, 716 [2000], lv denied 95 NY2d 800 [2000]). The court specifically questioned defendant about his right to raise the claim of self-defense and confirmed that defendant had already discussed a possible claim of self-defense with his counsel. The record amply supports the conclusion that defendant fully understood the *1163 nature of the charge and waived any claim of self-defense in exchange for the favorable plea agreement (see People v Rush, 79 AD3d 1522, 1523 [2010], lv denied 16 NY3d 836 [2011]). Accordingly, defendant has presented no basis for reversal herein.
Defendant’s remaining arguments have been reviewed and found to be unpersuasive.
Rose, J.P., Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.