■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTURO MUJICA, Appellant. [45 NYS3d 522]—Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (Harrington, J.), rendered April 7, 2014, convicting him of course of sexual conduct against a child in the first degree, course of sexual conduct against a child in the second degree, criminal sexual act in the second degree (24 counts), sexual abuse in the second degree (six counts) and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

Because each count of criminal sexual act in the second degree and sexual abuse in the second degree was premised upon a single act occurring within a specified period of time, and was supported by the victim's testimony as to each such act, reversal of his conviction of those counts is not warranted on the ground of duplicitousness (see People v Farbman, 231 AD2d 588, 589 [1996]; People v Cosby, 222 AD2d 690, 691 [1995]).

The defendant's contention that the sentence imposed by the Supreme Court punished him for exercising his right to a jury trial rather than accepting a plea offer is unpreserved for appellate review (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Brown, 38 AD3d 676, 677 [2007]). In any event, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations does not, standing alone, establish that the defendant was punished for exercising his right to trial (see People v Bowers, 144 AD3d 1049, 1049-1050 [2016]). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Rivera, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.