People v Kocot (2018 NY Slip Op 08691)





People v Kocot


2018 NY Slip Op 08691


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-11150
 (Ind. No. 151/14)

[*1]The People of the State of New York, respondent,
v
Stanley M. Kocot, appellant.


Steven A. Feldman, Uniondale, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Craig Stephen Brown, J.), rendered September 16, 2016, convicting him of predatory sexual assault against a child, rape in the first degree, and rape in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the People improperly elicited testimony with respect to his parental fitness is unpreserved for appellate review (see CPL 470.05[2]). In any event, while we agree that the testimony was improperly elicited, the error was harmless. The evidence of the defendant's guilt was overwhelming, and there is no significant probability that, absent the error, the defendant would have been acquitted (see People v Crimmins, 36 NY2d 230, 242).
The sentence imposed was not excessive (see People v Francis, 49 AD3d 552; People v Elhadi, 304 AD2d 982; People v Suitte, 90 AD2d 80), and the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations does not, standing alone, establish that the defendant was punished for exercising his right to trial (see People v Mujica, 146 AD3d 902, 903; People v Bowers, 144 AD3d 1049, 1049-1050; People v Johnson, 76 AD3d 1103, 1104-1105).
The defendant's remaining contention is without merit.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court