■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORRIS E. LYDAY, Appellant. [661 NYS2d 325] —Judgment unanimously affirmed. Memorandum: Prior to the effective date of the Sex Offender Registration Act (SORA), effective January 21, 1996 (L 1995, ch 192), defendant pleaded guilty to attempted sexual abuse in the first degree for conduct that occurred in December 1994. He was sentenced after the effective date of SORA to a six-month term of imprisonment, a $2,000 fine, and a five-year term of probation. Following the procedures prescribed by SORA (*see*, Correction Law § 168-d [2]), the sentencing court determined that defendant was a sexually violent predator with a risk level of 3 and directed that he register for a period of 10 years. Although no appeal lies from a mere determination of a sex offender's risk level (*see, People v Freeman*, 236 AD2d 897), here, defendant has appealed from the judgment of conviction and may raise issues concerning the application of SORA as an element of his sentence (*see*, CPL 1.20 [14]; 450.10).

On appeal, defendant contends that SORA is unconstitutional as applied to him because it violates the ex post facto prohibition in the Federal Constitution (US Const, art I, § 10, cl [1]). However, defendant did not raise that contention at the time of sentencing and, thus, failed to preserve it for our review (*see*, CPL 470.05 [2]; *People v Ruz*, 70 NY2d 942, 943). We

decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

We conclude that the sentence is not unduly harsh or severe. (Appeal from Judgment of Genesee County Court, Morton, J.— Attempted Sexual Abuse, 1st Degree.) Present—Denman, P. J., Green, Doerr, Balio and Fallon, JJ.