■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELMYRA CRAWFORD-BROWN, Appellant. [705 NYS2d 319] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting her following a jury trial of assault in the first degree (Penal Law § 120.10 [3]), defendant contends that Supreme Court erred in excluding nonhearsay evidence relevant to her defense of justification. Defendant's contention is unpreserved for our review (*see,* CPL 470.50 [2]). After the prosecutor's objection was sustained, defense counsel proceeded to a different subject, "never calling to the trial court's attention the purpose of the [evidence] * * * or in any way attempting to call the court's attention to the nature of the alleged error" (*People v George*, 67 NY2d 817, 819). In any event, the

evidence was properly excluded. Defendant attempted to elicit from an eyewitness testimony that defendant had previously told the eyewitness that the victim used illegal drugs. If offered for the truth of the content, the testimony was inadmissible hearsay (*see, People v Reynoso,* 73 NY2d 816, 818-819). If offered to establish that such a statement was made to the eyewitness (*see, People v Goodman,* 59 AD2d 896, 897), it was irrelevant to the justification defense. (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.—Assault, 1st Degree.) Present—Pigott, Jr., P. J., Green, Pine and Hurlbutt, JJ.