■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE SIMMONS, Appellant. [724 NYS2d 615] —Judgment, Supreme Court, Bronx County (Patricia Williams, J.), rendered May 20, 1999, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, assault in the second degree and reckless endangerment in the first degree, and sentencing him to concurrent terms of 6 to 12 years, 5 years, and 2 years, respectively, unanimously modified, on the law, to the extent of vacating the sentences and remanding the matter for resentencing, and otherwise affirmed.

The court properly instructed the jury to disregard hearsay testimony concerning an unavailable purported eyewitness's inability to identify defendant. Defendant failed to preserve his present claim that this evidence was admissible, notwithstanding the hearsay rule, as a matter of constitutional law (*see, Chambers v Mississippi*, 410 US 284), and we decline to review it in the interest of justice. Were we to review this claim, we would find that there was no showing that the hearsay negative identification evidence was reliable (*see, People v Benjamin*, 272 AD2d 276, *lv denied* 95 NY2d 904). Defendant has not established that he was prejudiced in any manner by the fact that the court initially received this evidence and subsequently instructed the jury to disregard it.

As the People concede, the determinate terms for the assault

and reckless endangerment convictions were improperly imposed, since only indeterminate sentences were available under the statutory scheme at the relevant time. Furthermore, the sentencing court appears to have misunderstood the statutory sentencing range that was available when it imposed sentence for the weapon conviction. Accordingly, we modify to the extent of remanding the matter for resentencing. Concur—Nardelli, J. P., Tom, Andrias, Rubin and Marlow, JJ.