■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS BURKE, Appellant. [731 NYS2d 467] —Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered August 25, 1999, convicting him of sodomy in the second degree (four counts), sodomy in the third degree (six counts), use of a child in a sexual performance (three counts), possessing a sexual performance by a child (six counts), and attempted use of a child in a sexual performance (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Tomei, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, by vacating the defendant's convictions of the crimes of possessing a sexual performance by a child under counts 13 and 14 of Indictment No. 7594/98 (Counts No. 24 and No. 25 on the verdict sheet), vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The record amply supports the hearing court's conclusion that the search warrant in question was supported by probable cause (*see, People v Prochilo,* 41 NY2d 759), that the items to be seized were specified with the requisite particularity (*see, People v Telesco,* 207 AD2d 920), and that the items actually seized were not beyond the scope of the warrant (*see, People v Baker,* 23 NY2d 307). A photography laboratory developing technician had called the police after developing some of the defendant's child-pornographic photographs, and the warrant specified all material related to child pornography. The items recovered by the police and not suppressed by the hearing court were obscene snapshots and videotapes of children, correspondence with children, women's clothing used in sexual games, and a surgical lubricant.

The trial court properly consolidated Indictment No. 7840/98 into Indictment No. 7594/98, as both were based upon the defendant's sexual molestation of several children. Consolidation was permissible under CPL 200.20 (2) (b), which reads: "Even though based upon different criminal transactions [two crimes are joinable where] such offenses, or the criminal transactions underlying them, are of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first" (*see also,* CPL 200.20 [4]). The evidence of the defendant's crimes against an 11-year old girl (Indictment No. 7594/98) was relevant and therefore admissible in a trial of the crimes against other children (Indictment

No. 7840/98), because the offenses against the girl brought the defendant's criminal activities to the attention of the police (*see, e.g., People v Till,* 87 NY2d 835, 836-837). The indictments were also joinable under CPL 200.20 (2) (c), which provides that "[e]ven though based upon different criminal transactions, and even though not joinable pursuant to paragraph (b), [offenses are joinable where] such offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law." The offenses with respect to all children involved their use in a sexual performance, and the defendant's possession of a sexual performance by a child.

Viewing the evidence in the light most favorable to the People, we conclude that the defendant's guilt of three counts of use of a child in a sexual performance and three counts of attempted use of a child in a sexual performance was proven by legally sufficient evidence (*see, People v Williams,* 84 NY2d 925, 926; *People v Contes,* 60 NY2d 620, 621). Verdict Sheet Counts Nos. 1, 3 and 5, charging use of a child in a sexual performance in the spring and summer of 1993 and in June 1995, were vividly proved by the introduction into evidence of videotaped clips of the defendant orally and anally sodomizing a boy who was under 16 years of age (Penal Law § 263.05; *People v Gaito,* 199 AD2d 615). Moreover, the victim himself, who was 19 years old at the time of trial, testified to engaging in these acts with the defendant (*see, Matter of Glenn G.,* 154 Misc 2d 677, 679-680, *affd* 218 AD2d 656).

Similarly, three photographs evidenced the defendant's attempt to induce an 11-year old girl to engage in a sexual performance, in that she was posed with her mouth open next to the defendant's erect clothed penis. This crime, too, was further evidenced by the testimony of the child herself, her younger sister, and the detective who originally interviewed both children.

In view of the foregoing overwhelming evidence of guilt, we further conclude that the verdict of guilt was not against the weight of the credible evidence.

However, the defendant's convictions of Verdict Sheet Counts Nos. 24 and 25 (counts 13 and 14 of Indictment No. 7594/98)—possessing a sexual performance by a child based on People's Exhibits No. 19 N and No. 19 O—should be reversed, the sentences imposed thereon vacated, and the counts dismissed. There is nothing in the photographs or in the remaining trial evidence to suggest that these two photographs of a clad child standing in a kitchen next to a clad defendant is intended to represent a "sexual performance."

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review, without merit, or do not warrant reversal of the judgment. S. Miller, J. P., Florio, Schmidt and Crane, JJ., concur.