■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY NICHOLOPOULOS, Appellant. [735 NYS2d 462] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal sale of a controlled substance in the first degree (Penal Law § 220.43 [1]), criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), and criminal possession of a weapon in the fourth degree (Penal

Law § 265.01 [4]). We reject defendant's contention that Supreme Court erred in refusing to instruct the jury on lesser included offenses with respect to the charges of criminal possession of a controlled substance. No reasonable view of the evidence would support a finding that defendant committed the lesser offenses but not the greater (*see, People v Glover,* 57 NY2d 61, 63). Defendant objected to the admission of the tape-recorded conversation at trial on the ground that it violated the best evidence rule, and thus failed to preserve for our review his present contention that the tape-recorded conversation was hearsay and therefore inadmissible (*see generally, People v Dunn,* 155 AD2d 75, 81, *affd* 77 NY2d 19, *cert denied* 501 US 1219). Defendant also failed to preserve for our review his contentions that the court erred in admitting testimony concerning his prior criminal conduct and erred in its supplemental instructions to the jury (*see,* CPL 470.05 [2]; *People v Guerrero-Rivera,* 236 AD2d 837, 838, *lv denied* 89 NY2d 1093). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We further reject the contention of defendant in his *pro se* supplemental brief that he was denied effective assistance of counsel. Based on the evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see, People v Satterfield,* 66 NY2d 796, 798-800; *People v Baldi,* 54 NY2d 137, 147). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Pigott, Jr., P. J., Hayes, Scudder, Burns and Gorski, JJ.