■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD GRAHAM, Appellant. [755 NYS2d 353] —Appeal from a judgment of Supreme Court, Erie County (Forma, J.), entered June 27, 2000, convicting defendant after a jury trial of, inter alia, robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of attempted assault on a police officer, vacating the sentence imposed thereon and dismissing count four of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of one count each of robbery in the

first degree (Penal Law § 160.15 [3]), attempted aggravated assault upon a police officer (§§ 110.00, 120.11), and attempted assault on a police officer (§§ 110.00, 120.08), and three counts of criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant was sentenced to concurrent indeterminate terms of imprisonment of 25 years to life. We reject the contention of defendant that Supreme Court erred in denying his request to charge third degree robbery (§ 160.05) as a lesser included offense of first degree robbery. Defendant established that it is impossible to commit first degree robbery without concomitantly committing third degree robbery (see CPL 300.50 [1]; *People v Glover*, 57 NY2d 61, 63; see also *People v Perkins*, 229 AD2d 981, 982, *lv denied* 88 NY2d 1023). Given the testimony of the eyewitnesses, however, we conclude that there is no "reasonable view of the evidence in [this] * * * case that would support a finding that [defendant] committed the lesser offense but not the greater" (*Glover*, 57 NY2d at 63; see CPL 300.50 [1]; *see also People v Nicholopoulos*, 289 AD2d 1087, 1088, *lv denied* 97 NY2d 758). Contrary to defendant's further contention, the conviction of attempted aggravated assault upon a police officer is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). We also reject defendant's contention that the sentences imposed on the three counts of criminal possession of a weapon in the third degree are illegal. The evidence at trial establishes that defendant is a persistent violent felony offender as defined by Penal Law § 70.08 (1) (a), and thus the sentences are legal (see § 70.08 [2], [3] [c]). In addition, we reject defendant's contention that the sentence is otherwise unduly harsh and severe.

As the People correctly concede, the crime of attempted assault on a police officer is a legal impossibility (*see People v Campbell*, 72 NY2d 602, 605-607). Defendant has failed to preserve his remaining contentions for our review (see CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see 470.15 [6] [a]). We therefore modify the judgment by reversing that part convicting defendant of attempted assault on a police officer, vacating the sentence imposed thereon and dismissing count four of the indictment. Present—Wisner, J.P., Scudder, Burns and Hayes, JJ.