THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN R. BOVE, Appellant. [861 NYS2d 164]—

Kavanagh, J. Appeal from an order of the County Court of Saratoga County (Scarano, J.), entered April 3, 2007, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

In 1990, defendant was convicted of attempted rape in the first degree and was sentenced to a term of 6 to 18 years in prison. In anticipation of his release, the Board of Examiners of Sex Offenders evaluated and classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]). Following a risk assessment hearing, County Court adopted the Board's recommendation and classified defendant as a risk level three sex offender. Defendant now appeals.

Initially, we note that defendant's contention—that since he was convicted prior to the effective date of SORA, its application here violates the ex post facto prohibition in the US Constitution—was raised for the first time on appeal and is therefore not preserved for our review (*see People v Ruz*, 70 NY2d 942, 943 [1988]; *People v Lyday*, 241 AD2d 950, 950 [1997]). In any event, this Court has rejected ex post facto claims against SORA for the reasons stated in *Doe v Pataki* (120 F3d 1263 [1997]; *see People v Lee*, 292 AD2d 639, 640 [2002]).

Defendant also contends that County Court abused its discretion in classifying him as a risk level three sex offender without

considering his entire institutional record. Clearly, the burden is on the People to establish the proper risk level classification by clear and convincing evidence (*see People v Lesch*, 38 AD3d 1129, 1130 [2007], *lv denied* 8 NY3d 816 [2007]). Pursuant to SORA, an offender's postoffense conduct is considered in determining his risk level classification in risk factors assessing acceptance of responsibility and conduct while confined (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15-17 [2006]). Risk factor 13 concerns an offender's conduct while confined and, notably, "[a]n offender who has incurred serious disciplinary violations in prison poses a heightened risk of recidivism" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 16 [2006]). Here, defendant was assessed 10 points for unsatisfactory conduct while confined. As evidence was presented that defendant has incurred 38 disciplinary violations, including 13 tier III violations, the People have supported, by the requisite clear and convincing evidence, the assessment of 10 points in this category. Furthermore, defendant was given an opportunity to address his institutional record at the risk assessment hearing, and we do not find that he raised mitigating factors warranting a departure from this assessment (*see People v Hunt*, 17 AD3d 713, 714 [2005], *lv denied* 5 NY3d 763 [2005]).

Finally, even if defendant's institutional record included proof that he had successfully completed the sex offender counseling program and County Court had found that he had accepted responsibility for his conduct, his risk assessment score would still rank him as a risk level three offender (*see People v LaRock*, 45 AD3d 1121, 1123 [2007]). Therefore, we find that County Court did not abuse its discretion in classifying defendant as a risk level three sex offender.

Mercure, J.P., Rose, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.