Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, J.), rendered February 3, 2004. The judgment convicted defendant, after a jury trial, of assault in the second degree (two counts).
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
*1168 Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of assault in the second degree (Penal Law § 120.05 [3], [7]). Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]). In any event, that contention lacks merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We reject defendant’s further contention that the verdict is against the weight of the evidence (see generally People v Danielson, 9 NY3d 342, 348 [2007]; Bleakley, 69 NY2d at 495). Although a different result would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495).
Also contrary to the contention of defendant, he was not denied effective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 147 [1981]). In addition, he was not deprived of a fair trial when the prosecutor cross-examined certain witnesses who were defendant’s fellow inmates concerning a letter written to them by defendant’s wife. The cross-examination was relevant with respect to the credibility of those witnesses and, to the extent that defendant characterizes the letter as inadmissible hearsay, we note that the prosecutor’s cross-examination concerned the effect of the letter on its recipients rather than the truth of its contents (see generally People v Crawford-Brown, 270 AD2d 825, 826 [2000], lv denied 95 NY2d 795 [2000]; People v Boyd, 256 AD2d 350, 351 [1998]). Defendant failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct (see People v Pryor, 48 AD3d 1217 [2008]), as well as his contention that County Court’s jury instructions were improper (see People v Rasmussen, 275 AD2d 926, 927 [2000], lv denied 95 NY2d 968 [2000]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). The sentence is not unduly harsh or severe.
We have reviewed defendant’s remaining contentions and conclude that they are without merit. Present—Scudder, EJ., Hurlbutt, Lunn, Green and Gorski, JJ.