■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY ADAMS, Appellant. [872 NYS2d 616]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered March 1, 2006. The judgment convicted defendant, after a jury trial, of sodomy in the first degree (two counts), endangering the welfare of a child (five counts) and sexual abuse in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of sodomy in the first degree (Penal Law former § 130.50 [3]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we

conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "The testimony of the victim was not so inconsistent or unbelievable as to render it incredible as a matter of law" (*People v Black*, 38 AD3d 1283, 1285 [2007], *lv denied* 8 NY3d 982 [2007]; *see generally People v Calabria*, 3 NY3d 80, 82 [2004]), and we see no reason to disturb the jury's resolution of credibility issues (*see generally Bleakley*, 69 NY2d at 495). Defendant failed to preserve for our review his contention that the indictment lacked the requisite specificity with respect to the dates of the alleged crimes (*see generally People v Soto*, 44 NY2d 683 [1978]). In any event, that contention lacks merit inasmuch as the time frames set forth in the indictment, i.e., June 1, 2003 through September 30, 2003 and September 1, 2003 through November 25, 2003, were " 'sufficiently specific' in view of the nature of the offense and the age of the victim" (*People v Dickens*, 48 AD3d 1034, 1035 [2008], *lv denied* 10 NY3d 958 [2008]). We thus conclude that defense counsel's failure to move to dismiss the indictment for lack of specificity did not constitute ineffective assistance of counsel (*see People v Caban*, 5 NY3d 143, 152 [2005]).

Contrary to the further contention of defendant, he also was not denied the right to effective assistance of counsel based on defense counsel's elicitation of allegedly damaging testimony in cross-examining the victim's pediatrician or by defense counsel's failure to object to testimony concerning the emotional state of the victim. Those contentions involve "simple disagreement[s] with strategies, tactics or the scope of possible cross-examination, weighed long after the trial," and thus are insufficient to establish ineffective assistance of counsel (*People v Flores*, 84 NY2d 184, 187 [1994]; *see generally People v Baldi*, 54 NY2d 137, 147 [1981]). The sentence is not unduly harsh or severe. Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted of two counts of criminal sexual act in the first degree (Penal Law § 130.50 [3]), and it must therefore be amended to reflect that he was convicted of two counts of sodomy in the first degree (former § 130.50 [3]) (*see generally People v Saxton*, 32 AD3d 1286 [2006]). Present—Scudder, P.J., Hurlbutt, Centra, Green and Gorski, JJ.