■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALKIM BILLIP, Also Known as ALKIM BILLIPS, Appellant. [883 NYS2d 528]—

Judgment, Supreme Court, Bronx County (Robert A. Sackett, J., at jury trial and sentence; Seth L. Marvin, J., at resentence), rendered September 8, 2005, as amended November 20, 2007, convicting defendant of assault in the second degree, and sentencing him, as a second felony offender, to a term of seven years, unanimously affirmed.

Defendant's current claim that the inmate history record introduced by the People was not admissible as a business record because it contained inadmissible hearsay was not preserved because defense counsel did not raise this specific objection at the time the document was proffered, but rather made generalized objections to the admission of the document (*see People v Piper*, 21 AD3d 816 [2005], *lv denied* 5 NY3d 884 [2005]; *People v Davis*, 290 AD2d 377 [2002], *lv denied* 100 NY2d 560 [2003]; *People v Shaw*, 232 AD2d 174 [1996], *lv denied* 89 NY2d 946 [1997]). The request to entirely preclude the testimony of the

custodian of the record, made before the document was offered, did not preserve the issue because the court specifically stated it was denying the motion without prejudice and told counsel she could object during the course of the testimony. Thus, the trial court, in this motion in limine, did not definitively rule on the issues now raised on appeal (*see People v Martinez*, 18 AD3d 343 [2005], *lv denied* 5 NY3d 808 [2005]). We decline to review the claim in the interest of justice.

Similarly, defense counsel did not preserve the claim that the document failed to show that defendant was, in fact, the person whose sentence information appeared in the inmate record because this specific objection was not raised when the document was introduced. Nor were these issues preserved by defense counsel's motion to dismiss at the end of the case, which did not include these specific objections (*see People v Carter*, 46 AD3d 376 [2007], *lv denied* 10 NY3d 839 [2008]), or by the postverdict motion (*see People v Green*, 46 AD3d 324 [2007], *lv denied* 10 NY3d 840 [2008]). As a result, defendant's contention that his conviction is not supported by legally sufficient evidence is not preserved and we decline to review it in the interest of justice. No basis exists to accept defendant's argument that his conviction was against the weight of the evidence or to disturb the jury's determination to credit the witnesses who identified defendant as the perpetrator of this assault (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). We have considered defendant's remaining contentions and find them unavailing. Concur—Saxe, J.P., Sweeny, Moskowitz, Acosta and Richter, JJ.