The People of the State of New York, Respondent, v Dorene K. Dorn, Appellant. [895 NYS2d 906]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered May 11, 2009. The judgment convicted defendant, upon a jury verdict, of grand larceny in the second degree and conspiracy in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her following a jury trial of grand larceny in the second degree (Penal Law § 155.40 [1]) and conspiracy in the fourth degree (§ 105.10 [1]), defendant contends that County Court violated her constitutional right to present a defense when it precluded her from introducing letters and statements from the deceased victim (*see generally Chambers v Mississippi*, 410 US 284 [1973]). Contrary to the contention of defendant, that constitutional challenge must be preserved for our review, and she failed to do so (*see People v Gonzalez*, 54 NY2d 729, 730 [1981]; *People v Simmons*, 283 AD2d 306 [2001], *lv denied* 96 NY2d 924 [2001]). After each of the prosecutor's objections concerning those letters and statements, defense counsel proceeded with his direct examination of defendant, "never calling to the . . . court's attention the purpose of the [evidence] . . . or in any way attempting to call the court's attention to the nature of the alleged error" (*People v George*, 67 NY2d 817, 819 [1986]; *see People v Crawford-Brown*, 270 AD2d 825 [2000], *lv denied* 95 NY2d 795 [2000]; *see also People v Rivera*, 281 AD2d 155 [2001], *lv denied* 96 NY2d 833 [2001]). In any event, defendant's contention involves facts outside the record on appeal and must therefore be raised by way of a CPL article 440 motion (*see generally People v Exum*, 66 AD3d 1336 [2009]; *People v Lando*, 61 AD3d 1389 [2009], *lv denied* 13 NY3d 746 [2009]).

Defendant also failed to preserve for our review her contention that the court "improperly penalized [her] for exercising [her] right to a jury trial [because she] did not raise the issue at the time of sentencing" (*People v Tannis*, 36 AD3d 635 [2007],

*lv denied* 8 NY3d 927 [2007]; *see People v Griffin*, 48 AD3d 1233, 1236-1237 [2008], *lv denied* 10 NY3d 840 [2008]). In any event, that contention lacks merit. " '[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting [her] right to trial' " (*People v Chappelle*, 14 AD3d 728, 729 [2005], *lv denied* 5 NY3d 786 [2005]; *see People v Murphy*, 68 AD3d 1730 [2009]), and "the record shows no retaliation or vindictiveness against the defendant for electing to proceed to trial" (*People v Shaw*, 124 AD2d 686, 686 [1986], *lv denied* 69 NY2d 750 [1987]; *see People v Brown*, 67 AD3d 1427 [2009]; *People v Slater*, 61 AD3d 1328, 1329 [2009], *lv denied* 13 NY3d 749 [2009]). Although defendant received a greater sentence than her coconspirator, we conclude that the disparity is justified under the circumstances of this case and that the sentence is not unduly harsh or severe. Present—Smith, J.P., Centra, Lindley, Sconiers and Pine, JJ.