# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**128**

**KA 10-00024**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

TROY T. POWELL, DEFENDANT-APPELLANT.

---

AMDURSKY, PELKY, FENNELL & WALLEN, P.C., OSWEGO (COURTNEY S. RADICK OF COUNSEL), FOR DEFENDANT-APPELLANT.

DONALD H. DODD, DISTRICT ATTORNEY, OSWEGO (MICHAEL G. CIANFARANO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered May 11, 2009. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and petit larceny.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the second degree (Penal Law § 140.25 [2]) and petit larceny (§ 155.25). Contrary to the contention of defendant, he was not denied effective assistance of counsel based on defense counsel's allegedly improper cross-examination of a police investigator regarding identification evidence and procedures (*see generally People v Baldi*, 54 NY2d 137, 147). Defendant's contention involves a " 'simple disagreement[] with strategies, tactics or the scope of possible cross-examination, weighed long after the trial,' and thus [is] insufficient to establish ineffective assistance of counsel" (*People v Adams*, 59 AD3d 928, 929, *lv denied* 12 NY3d 813, quoting *People v Flores*, 84 NY2d 184, 187). We further conclude that defense counsel's failure to call an expert witness did not constitute ineffective assistance of counsel inasmuch as defendant failed to demonstrate "that the expert's testimony would have assisted the trier of fact or that defendant was prejudiced by the absence of such testimony" (*People v Loret*, 56 AD3d 1283, *lv denied* 11 NY3d 927; *see People v Brandi E.*, 38 AD3d 1218, *lv denied* 9 NY3d 863). Defendant also failed to demonstrate a lack of strategic or other legitimate explanations for defense counsel's request for a circumstantial evidence charge, his request to charge criminal trespass as a lesser included offense of burglary or his failure to request a charge of criminal possession of stolen property (*see People v Benevento*, 91 NY2d 708, 712-713; *People v Ramkissoon*, 36 AD3d 834). "[T]he

evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that [defense counsel] provided meaningful representation" (*Baldi*, 54 NY2d at 147).

Defendant's further contention that he was punished for exercising his right to a trial is without merit. "[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial" (*People v Brink*, 78 AD3d 1483, ___ [internal quotation marks omitted]), and " 'the record shows no retaliation or vindictiveness against . . . defendant for electing to proceed to trial' " (*People v Dorn*, 71 AD3d 1523, 1524; *see People v Brown*, 67 AD3d 1427, *lv denied* 14 NY3d 839). The sentence imposed in this case is not unduly harsh or severe.

Defendant failed to preserve for our review his contention that County Court abused its discretion by prohibiting a plea bargain after a certain date (*see* CPL 470.05 [2]). In any event, that contention is without merit. The record demonstrates that defendant had sufficient time to consider the People's plea offer and that the plea bargaining process was fair (*cf. People v Compton*, 157 AD2d 903, *lv denied* 75 NY2d 918; *see generally People v Selikoff*, 35 NY2d 227, 233-234, *cert denied* 419 US 1122; *People v Parker*, 271 AD2d 63, 68, *lv denied* 95 NY2d 967).

Entered: February 10, 2011

Patricia L. Morgan
Clerk of the Court