# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**244**

**KA 08-01807**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

               V                      MEMORANDUM AND ORDER

DARNELL HOWARD, DEFENDANT-APPELLANT.

---

DONALD R. GERACE, UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

    Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered April 10, 2008. The judgment convicted defendant, upon a jury verdict, of assault in the second degree, criminal mischief in the fourth degree and resisting arrest.

    It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

    Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, assault in the second degree (Penal Law § 120.05 [former (3)]) and resisting arrest (§ 205.30), defendant contends that County Court erred in instructing the jury with respect to Penal Law § 35.27, concerning the prohibited use of physical force to resist an arrest when the arrest is being made by a person who would reasonably appear to be a police officer or a peace officer. Defendant failed to preserve that contention for our review (*see People v Whitfield*, 72 AD3d 1610, *lv denied* 15 NY3d 811; *People v Bermudez*, 38 AD3d 1244, *lv denied* 8 NY3d 981), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to the further contention of defendant, the court did not abuse its discretion in denying his request for youthful offender status, and we decline defendant's request that we exercise our interest of justice jurisdiction to afford him such status (*see People v Jock*, 68 AD3d 1816, *lv denied* 14 NY3d 801).

    Defendant's additional contention that the court penalized him for exercising his right to a jury trial by imposing a sentence greater than that offered during plea negotiations is not preserved for our review because he did not raise that contention at the time of sentencing (*see People v Dorn*, 71 AD3d 1523; *People v Tannis*, 36 AD3d 635, *lv denied* 8 NY3d 927), and in any event that contention lacks merit (*see Dorn*, 71 AD3d at 1524). Defendant also failed to preserve

for our review his contention that the court erred in considering an uncharged crime in sentencing him (*see People v Leeson*, 299 AD2d 919, *lv denied* 99 NY2d 560; *see also People v Washington*, 291 AD2d 780, 781, *lv denied* 98 NY2d 682), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Finally, the sentence is not unduly harsh or severe.

Entered:  March 25, 2011                        Patricia L. Morgan
                                                Clerk of the Court