# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

395
KA 09-02128
PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND GREEN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

JEFFREY P. ERLE, DEFENDANT-APPELLANT.

ROBERT M. PUSATERI, CONFLICT DEFENDER, LOCKPORT (EDWARD P. PERLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

JEFFREY P. ERLE, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered August 17, 2009. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (three counts), rape in the first degree (two counts), rape in the third degree (two counts) and attempted criminal sexual act in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of, inter alia, two counts of rape in the first degree (Penal Law § 130.35 [1], [2]), defendant contends that the indictment was fatally defective because it lacked sufficient specificity to enable him to prepare a defense. We conclude that defendant failed to preserve his contention for our review (*see People v Soto*, 44 NY2d 683; *People v Adams*, 59 AD3d 928, *lv denied* 12 NY3d 813). "In any event, that contention lacks merit inasmuch as the time frames set forth in the indictment, [e.g., on or about a day in June 2008], were sufficiently specific in view of the nature of the offense[s] and the age of the victim" (*Adams*, 59 AD3d at 929 [internal quotation marks omitted]; *see People v Franks*, 35 AD3d 1286, *lv denied* 8 NY3d 922; *People v Risolo*, 261 AD2d 921; *see generally People v Morris*, 61 NY2d 290, 295-296).

Defendant further contends that County Court erred in admitting in evidence the medical report of a physician who testified at trial because it was based entirely on inadmissible hearsay. Defendant objected to the admission in evidence of that report only with respect to its relevance, however, and he therefore failed to preserve his present contention for our review (*see People v Billip*, 65 AD3d 430,

*lv denied* 13 NY3d 834; *People v Nicholopoulos*, 289 AD2d 1087, *lv denied* 97 NY2d 758). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The sentence is not unduly harsh or severe.

In his pro se supplemental brief defendant contends that the conviction is not supported by legally sufficient evidence because the dates of the incidents as alleged in the indictment were inconsistent with the dates of the incidents as established at trial. We reject that contention. The indictment alleged that the incident upon which the first count was based occurred on a day in June 2008, and it set forth time periods for the remaining counts that referred to the time period for the first count. The victim testified at trial, however, that the incident upon which the first count was based occurred "towards the end of May" 2008. Where, as here, time is not an essential element of an offense, "the prosecution is not required to prove the exact date and time the charged offenses occurred" (*People v Glover*, 185 AD2d 458, 460; *see People v Cunningham*, 48 NY2d 938, 940). We thus conclude that the variance between the dates alleged in the indictment and the dates established at trial does not render the evidence legally insufficient to support the conviction (*see People v Jones*, 37 AD3d 1111, *lv denied* 8 NY3d 986; *People v Davis*, 15 AD3d 920, *lv denied* 4 NY3d 885, 5 NY3d 787; *People v Morgan*, 246 AD2d 686, 687, *lv denied* 91 NY2d 975). Defendant failed to preserve for our review his remaining challenges to the legal sufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that, contrary to the contention of defendant in his pro se supplemental brief, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury . . ., and the testimony of the victim . . . was not so inconsistent or unbelievable as to render it incredible as a matter of law" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]; *see People v Black*, 38 AD3d 1283, 1285, *lv denied* 8 NY3d 982). Finally, we reject the further contention of defendant in his pro se supplemental brief that the court erred in permitting the People to elicit testimony that defendant threatened the victim with a knife. That testimony was admissible "to explain the victim's failure to make a prompt complaint" (*People v Chase*, 277 AD2d 1045, *lv denied* 96 NY2d 733), "to develop the necessary background and [to] complete the victim's narrative" (*People v Shofkom*, 63 AD3d 1286, 1287, *lv denied* 13 NY3d 799, *appeal dismissed* 13 NY3d 933).

Entered:  April 1, 2011                    Patricia L. Morgan
                                           Clerk of the Court