■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL CAREY, Appellant. [937 NYS2d 809]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]), arising from his sexual abuse of the victim beginning from the time she was seven years old. Defendant failed to preserve for our review his contentions that his conviction of section 130.75 (1) (b) violates the ex post facto prohibition in article I (§ 10 [1]) of the US Constitution (*see People v Ramos*, 13 NY3d 881, 882 [2009], *rearg denied* 14 NY3d 794 [2010]; *People v Ruz*, 70 NY2d 942 [1988]; *People v Bove*, 52 AD3d 1124 [2008]; *People v Whitfield*, 50 AD3d 1580 [2008], *lv denied* 10 NY3d 965 [2008]), and that the nearly six-year time frame set forth in that count of the indictment was excessive (*see People v Soto*, 44 NY2d 683 [1978]; *People v Erle*, 83 AD3d 1442, 1443 [2011], *lv denied* 17 NY3d 794 [2011]; *People v Adams*, 59 AD3d 928 [2009], *lv denied* 12 NY3d 813 [2009]). We decline to exercise our power to ad-

dress those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's further contention that Supreme Court erred in permitting the People to introduce evidence of a non-criminal sexual encounter that occurred between defendant and the victim after she turned 17 years old. The evidence was relevant to "explain the relationship between defendant and the victim . . . , as well as to place the events in question in a believable context and explain the victim's [reason for] reporting defendant's conduct" (*People v Haidara*, 65 AD3d 974 [2009], *lv denied* 13 NY3d 939 [2010]; *see People v Gilley*, 4 AD3d 127, 127-128 [2004], *lv denied* 2 NY3d 799 [2004]). We note in any event that, "[c]onsidering that the court several times provided the jury with appropriate limiting instructions, and [considering that] the probative value of the evidence outweighed the potential prejudice to defendant . . . , we cannot say that [the c]ourt erred by permitting the testimony" (*People v Shofkom*, 63 AD3d 1286, 1288 [2009], *lv denied* 13 NY3d 799 [2009], *appeal dismissed* 13 NY3d 933 [2010]).

Defendant failed to preserve for our review his contention that he was punished for asserting his right to a trial because he " 'did not raise the issue at the time of sentencing' " (*People v Dorn*, 71 AD3d 1523, 1523 [2010]; *see People v Coapman*, 90 AD3d 1681 [2011]; *People v Brink*, 78 AD3d 1483, 1485 [2010], *lv denied* 16 NY3d 742 [2011], *reconsideration denied* 16 NY3d 828 [2011]). In any event, that contention lacks merit (*see People v Stubinger*, 87 AD3d 1316, 1317 [2011]; *People v Powell*, 81 AD3d 1307, 1308 [2011], *lv denied* 17 NY3d 799 [2011]; *Brink*, 78 AD3d at 1485; *Dorn*, 71 AD3d at 1524). Finally, we conclude that the sentence is not unduly harsh or severe. Present—Scudder, P.J., Centra, Peradotto, Lindley and Martoche, JJ.