# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**97**

**KA 09-01250**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

CARL CAREY, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered June 9, 2009. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree, rape in the third degree (two counts) and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]), arising from his sexual abuse of the victim beginning from the time she was 7 years old. Defendant failed to preserve for our review his contentions that his conviction of section 130.75 (1) (b) violates the ex post facto prohibition in article I (§ 10 [cl 1]) of the US Constitution (*see People v Ramos*, 13 NY3d 881, 882, *rearg denied* 14 NY3d 794; *People v Ruz*, 70 NY2d 942; *People v Bove*, 52 AD3d 1124; *People v Whitfield*, 50 AD3d 1580, *lv denied* 10 NY3d 965), and that the nearly six-year time frame set forth in that count of the indictment was excessive (*see People v Soto*, 44 NY2d 683; *People v Erle*, 83 AD3d 1442, 1443, *lv denied* 17 NY3d 794; *People v Adams*, 59 AD3d 928, *lv denied* 12 NY3d 813). We decline to exercise our power to address those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's further contention that Supreme Court erred in permitting the People to introduce evidence of a noncriminal sexual encounter that occurred between defendant and the victim after she turned 17 years old. The evidence was relevant to "explain the relationship between defendant and the victim . . ., as well as to place the events in question in a believable context and explain the victim's [reason for] reporting defendant's conduct" (*People v*

*Haidara*, 65 AD3d 974, *lv denied* 13 NY3d 939; *see People v Gilley*, 4 AD3d 127, 127-128, *lv denied* 2 NY3d 799).  We note in any event that, "[c]onsidering that the court several times provided the jury with appropriate limiting instructions, and [considering that] the probative value of the evidence outweighed the potential prejudice to defendant . . ., we cannot say that [the c]ourt erred by permitting the testimony" (*People v Shofkom*, 63 AD3d 1286, 1288, *lv denied* 13 NY3d 799, *appeal dismissed* 13 NY3d 933).

Defendant failed to preserve for our review his contention that he was punished for asserting his right to a trial because he " 'did not raise the issue at the time of sentencing' " (*People v Dorn*, 71 AD3d 1523, 1523-1524; *see People v Coapman*, 90 AD3d 1681; *People v Brink*, 78 AD3d 1483, 1485, *lv denied* 16 NY3d 742, *reconsideration denied* 16 NY3d 828).  In any event, that contention lacks merit (*see People v Stubinger*, 87 AD3d 1316, 1317; *People v Powell*, 81 AD3d 1307, 1308, *lv denied* 17 NY3d 799; *Brink*, 78 AD3d at 1485; *Dorn*, 71 AD3d at 1524).  Finally, we conclude that the sentence is not unduly harsh or severe.

Entered:  February 10, 2012                          Frances E. Cafarell
                                                     Clerk of the Court