People v Jones (2026 NY Slip Op 00664)

People v Jones

2026 NY Slip Op 00664

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, GREENWOOD, NOWAK, AND HANNAH, JJ.

40 KA 19-00449

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vRAY JONES, III, DEFENDANT-APPELLANT. 

MICHAEL JOS. WITMER, ROCHESTER, FOR DEFENDANT-APPELLANT.
PERRY DUCKLES, ACTING DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Sam L. Valleriani, J.), rendered January 24, 2019. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child, criminal sexual act in the third degree, rape in the third degree, sexual abuse in the third degree, use of a child in a sexual performance, promoting a sexual performance by a child and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In this prosecution arising from allegations that defendant sexually abused a female child (victim) over a period of years during the victim's childhood, defendant appeals from a judgment convicting him, upon a jury verdict, of predatory sexual assault against a child (Penal Law former § 130.96), criminal sexual act in the third degree (former § 130.40 [2]), rape in the third degree (former § 130.25 [2]), sexual abuse in the third degree (§ 130.55), use of a child in a sexual performance as a sexually motivated felony (§§ 130.91, 263.05), promoting a sexual performance by a child as a sexually motivated felony (§§ 130.91, 263.15), and endangering the welfare of a child (§ 260.10 [1]). We affirm.
Defendant contends that the indictment was "jurisdictionally defective" because the 6½-year time period set forth in the count alleging predatory sexual assault against a child is excessive. We conclude that defendant's contention is not properly characterized as raising a jurisdictional defect; instead, defendant's contention constitutes a challenge to the factual sufficiency of the allegations (see People v Carter, 147 AD3d 1514, 1515 [4th Dept 2017], lv denied 29 NY3d 1030 [2017]; see generally People v Iannone, 45 NY2d 589, 600-601 [1978]). That challenge is not preserved for our review inasmuch as that part of defendant's omnibus motion seeking to dismiss the indictment constituted only a general motion, which did not advance the specific claim now raised on appeal (see People v Spears, 125 AD3d 1401, 1402 [4th Dept 2015], lv denied 25 NY3d 1172 [2015]; People v Carey, 92 AD3d 1224, 1224 [4th Dept 2012], lv denied 18 NY3d 992 [2012]), and County Court did not "expressly decide[ ] the question raised on appeal" in response to defendant's motion (CPL 470.05 [2]). We decline to exercise our power to address that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; Carey, 92 AD3d at 1224-1225).
Defendant also contends that the court should have suppressed any evidence that was seized from his residence during the execution of a search warrant issued for that property. By failing to seek a ruling on that part of his omnibus motion challenging the search warrant for the residence and by failing to object to any admission of the seized evidence at trial, defendant abandoned his challenge to that search warrant (see People v Smith, 147 AD3d 1527, 1528 [4th Dept 2017], lv denied 29 NY3d 1087 [2017]; People v Mulligan, 118 AD3d 1372, 1376 [4th Dept 2014], lv denied 25 NY3d 1075 [2015]). Defendant's related contention that a search warrant for a social media account was issued without probable cause and was overbroad is not preserved for our review inasmuch as defendant failed to raise that contention in his motion [*2]papers or before the suppression court (see People v Navarro, 158 AD3d 1242, 1243-1244 [4th Dept 2018], lv denied 31 NY3d 1120 [2018]; People v Woodring, 48 AD3d 1273, 1275 [4th Dept 2008], lv denied 10 NY3d 846 [2008]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Myles, 216 AD3d 1419, 1421-1422 [4th Dept 2023], lv denied 40 NY3d 936 [2023]; Woodring, 48 AD3d at 1275).
Defendant further contends that the court erred in admitting in evidence, over his foundation objection, two photographs depicting social media messages sent to the victim, asserting that the People failed to properly authenticate that the messages were sent by defendant. We reject that contention. Although there was no Internet service provider or other technical evidence regarding the social media messages, the messages were properly authenticated, through circumstantial evidence, as having been sent by defendant (see People v McKoy, 217 AD3d 1396, 1397 [4th Dept 2023], lv denied 40 NY3d 998 [2023]; People v Pierre, 41 AD3d 289, 291 [1st Dept 2007], lv denied 9 NY3d 880 [2007]). The testimony of the victim and her mother, the latter of whom photographed the messages after she was shown them on the victim's tablet, established that defendant's social media account username was saved on the victim's tablet under his nickname in relation to her and that defendant's personalized avatar appeared with the messages (see McKoy, 217 AD3d at 1397; People v Kingsberry, 194 AD3d 843, 844 [2d Dept 2021], lv denied 37 NY3d 993 [2021]; People v Serrano, 173 AD3d 1484, 1488 [3d Dept 2019], lv denied 34 NY3d 937 [2019]). The identity of the sender of the messages was also "sufficiently authenticated by the content of the . . . messages" (People v Mencel, 206 AD3d 1550, 1552 [4th Dept 2022], lv denied 38 NY3d 1152 [2022]; see McKoy, 217 AD3d at 1397; People v Green, 107 AD3d 915, 916 [2d Dept 2013], lv denied 22 NY3d 1088 [2014]; Pierre, 41 AD3d at 291). Moreover, " '[t]he credibility of the authenticating witness[es] goes to the weight to be accorded the evidence, not to its admissibility' " and, to the extent that defendant suggests that someone else could have sent the messages from the social media account associated with him, "the likelihood of that scenario 'presented a factual issue for the jury to resolve' " (McKoy, 217 AD3d at 1397-1398; see People v Tucker, 200 AD3d 1584, 1586 [4th Dept 2021], lv denied 38 NY3d 954 [2022]; Serrano, 173 AD3d at 1488). To the extent that defendant contends that the People failed to establish a proper foundation for the social media messages on other grounds, we conclude that defendant's contention is not preserved for our review inasmuch as defendant failed to object to the admission of the messages on those grounds (see People v Minutolo, 215 AD3d 1260, 1260-1261 [4th Dept 2023], lv denied 40 NY3d 1093 [2024]; People v Byrd, 214 AD3d 1321, 1323 [4th Dept 2023], lv denied 40 NY3d 927 [2023]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's contention that the court erred in permitting the testimony of two witnesses under the prompt outcry exception to the hearsay rule (see People v Stuckey, 50 AD3d 447, 448 [1st Dept 2008], lv denied 11 NY3d 742 [2008]; People v Rodriguez, 284 AD2d 952, 952 [4th Dept 2001], lv denied 96 NY2d 924 [2001]; see generally People v McDaniel, 81 NY2d 10, 16-18 [1993]). We also reject defendant's contention that the court erred in permitting the People to introduce Molineux evidence related to defendant's prior acts of domestic violence against the victim's mother (see People v Cuadrado, 227 AD3d 1174, 1180-1181 [3d Dept 2024], lv denied 42 NY3d 969 [2024]).
Defendant further asserts that the court erroneously precluded him from cross-examining the victim about a prior sexually transmitted infection diagnosis, thereby depriving him of his rights to confront witnesses and present a defense. Although the People initially moved in limine to preclude such evidence, the court reserved decision after argument and indicated that it would not rule "unless and until the issue becomes ripe" during trial. Defendant, however, did not object to the court's course of action, nor did he seek to elicit or introduce such evidence at trial, and we thus conclude that defendant's contention is not preserved for our review (see People v Cruz-Rivera, 174 AD3d 1512, 1513 [4th Dept 2019], lv denied 34 NY3d 1127 [2020]; People v Billip, 65 AD3d 430, 430-431 [1st Dept 2009], lv denied 13 NY3d 834 [2009]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; Billip, 65 AD3d at 431).
Next, defendant contends that the evidence is legally insufficient to support the conviction with respect to the counts of use of a child in a sexual performance as a sexually [*3]motivated felony and promoting a sexual performance by a child as a sexually motivated felony because the People were unable to produce the video on which those counts were predicated. Defendant failed to preserve that contention for our review because he made only a general motion for a trial order of dismissal (see People v Gray, 86 NY2d 10, 19 [1995]; People v Schultz, 266 AD2d 919, 919 [4th Dept 1999], lv denied 94 NY2d 906 [2000]; People v Farbman, 231 AD2d 588, 588 [2d Dept 1996], lv denied 89 NY2d 863 [1996]). In any event, that contention lacks merit. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), including the victim's testimony that defendant used his cell phone to record a video of her performing oral sex on him, a photograph of a social media message sent by defendant to the victim in which defendant referred to that footage, and the evidence that defendant saved the video to a social media application designed to hide videos in an encrypted, password-protected folder, we conclude that the evidence is legally sufficient to support the conviction with respect to the aforementioned counts (see People v Burke, 287 AD2d 512, 514 [2d Dept 2001], lv denied 97 NY2d 679 [2001]; Farbman, 231 AD2d at 588; see also People v Keane, 240 AD3d 1424, 1426 [4th Dept 2025], lv denied 44 NY3d 993 [2025], reconsideration denied 44 NY3d 1028 [2025]).
With respect to defendant's contention that the verdict is against the weight of the evidence, we conclude at the outset that "a different verdict would not have been unreasonable inasmuch as this case rests largely on the jury's credibility findings with respect to the testimony of the victim and the People's other witnesses" (People v Harrell, 235 AD3d 1294, 1297 [4th Dept 2025], lv denied 43 NY3d 1009 [2025] [internal quotation marks omitted]; see People v Roman, 107 AD3d 1441, 1442 [4th Dept 2013], lv denied 21 NY3d 1045 [2013]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Nevertheless, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]) and "affording the requisite 'great deference to the jury given its opportunity to view the witnesses' " (Roman, 107 AD3d at 1442), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Here, "[t]he jury was entitled to credit the testimony of the People's witnesses, including that of the victim, over the testimony of defendant's witness[ ]," and we perceive no reason to disturb those credibility determinations (People v Tetro, 175 AD3d 1784, 1788 [4th Dept 2019]; see Harrell, 235 AD3d at 1298). Contrary to defendant's assertion, we conclude that there was nothing about the victim's trial testimony that was "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Mercado-Gomez, 206 AD3d 1643, 1644 [4th Dept 2022] [internal quotation marks omitted]). In addition, defendant's contention concerning the lack of forensic evidence corroborating the victim's testimony is unavailing inasmuch as "the testimony of [the victim] can be enough to support a conviction" (People v Goodson, 144 AD3d 1515, 1516 [4th Dept 2016], lv denied 29 NY3d 949 [2017] [internal quotation marks omitted]; see Mercado-Gomez, 206 AD3d at 1644-1645; see also People v Hackett, 166 AD3d 1483, 1485 [4th Dept 2018], lv denied 32 NY3d 1204 [2019], reconsideration denied 33 NY3d 949 [2019]).
Defendant further contends that he was denied effective assistance of counsel based on defense counsel's purported failures to adequately challenge and respond to the testimony of the People's expert regarding child sexual abuse accommodation syndrome (CSAAS). We reject that contention. "There can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005]) and, here, defense counsel had no legitimate basis for arguing that the expert's testimony constituted improper bolstering (see People v Young, 206 AD3d 1631, 1633 [4th Dept 2022]; People v Meyers, 188 AD3d 1732, 1734 [4th Dept 2020]; People v Englert, 130 AD3d 1532, 1533-1534 [4th Dept 2015], lv denied 26 NY3d 967 [2015], lv denied 26 NY3d 1144 [2016]). To the extent that defendant asserts that defense counsel was ineffective in failing to adequately cross-examine the expert, we conclude that defendant's assertion lacks merit. The record establishes that defense counsel, on cross-examination of the expert, elicited acknowledgments that the expert "could give no evidence with respect to the ultimate issue of the case, i.e., defendant's guilt" (Young, 206 AD3d at 1633 [internal quotation marks omitted]), and defendant's "simple disagreement with strategies, tactics or the scope of possible cross-examination, weighed long after the trial, does not suffice" to demonstrate that he was denied effective assistance of counsel (People v Flores, 84 NY2d 184, 187 [1994]; see Young, 206 AD3d at 1633). To the extent that defendant's assertion that defense counsel was ineffective in failing to secure opposing CSAAS testimony is reviewable on direct appeal, we conclude that it lacks merit inasmuch as defendant "has not demonstrated that such testimony was available, [*4]that it would have assisted the jury in its determination or that he was prejudiced by its absence" (Meyers, 188 AD3d at 1734 [internal quotation marks omitted]; see Young, 206 AD3d at 1633; Englert, 130 AD3d at 1533). To the extent that defendant asserts that CSAAS lacks scientific validity and that defense counsel should have presented evidence to that effect either through a rebuttal expert or during cross-examination of the People's expert, we note that such "challenges to [defense] counsel's preparedness depend on matters dehors the record and are not reviewable on direct appeal" (People v Nicholson, 26 NY3d 813, 832 [2016]).
We reject defendant's related contention that defense counsel was ineffective in failing to cross-examine police investigators at greater length about their efforts to access the contents of defendant's cell phone, including the video. Defense counsel asked the investigators questions designed to cast doubt on the thoroughness of the investigation and highlighted the lack of evidence against defendant obtained by the investigators, and defense counsel could have reasonably determined that asking additional questions would have undermined that part of the defense strategy seeking to show that the police failed to conduct a thorough investigation (see People v Mastin, 232 AD3d 1268, 1270 [4th Dept 2024], lv denied 42 NY3d 1053 [2024]; People v Pratt, 162 AD3d 1202, 1204 [3d Dept 2018], lv denied 32 NY3d 940 [2018]). Finally, we reject defendant's contention that defense counsel was ineffective in failing to impeach the victim with ostensible prior inconsistent statements or to highlight on summation purported contradictions in the victim's testimony inasmuch as such arguments would have had " 'little or no chance of success' " (Caban, 5 NY3d at 152).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court