■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE GRAHAM, Appellant.—Judgment unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court for resentencing, in accordance with the following memorandum: Viewing the evidence in the light most favorable to the prosecution and indulging in all reasonable inferences in the People's favor *(People v Ford,* 66 NY2d 428, 437), we conclude that the proof was legally sufficient to support defendant's conviction for rape in the first degree and sexual abuse in the first degree *(see, People v Thompson,* 72 NY2d 410; *People v Coleman,* 42 NY2d 500, 505). The principal issue at trial was whether defendant acted with forcible compulsion, and the court, as fact finder, resolved credibility questions in favor of the prosecution. We have exercised our independent factual review power and perceive no reason to disturb the verdict *(see, People v Bleakley,* 69 NY2d 490, 495).

Defendant failed to preserve his contentions that the court erred in admitting testimony concerning his prior assaultive conduct towards the victim and in permitting the victim to

testify that she had made a prompt complaint *(see,* CPL 470.05 [2]; *People v Dawson,* 50 NY2d 311, 324). Those contentions, in any event, are without merit *(see, Baccio v People,* 41 NY 265; *People v Velasquez,* 141 AD2d 882, 883, *lv denied* 72 NY2d 926).

Defendant was sentenced as a second felony offender to an indeterminate term of 7 to 14 years for rape in the first degree and a concurrent indeterminate term of 1 to 3 years for sexual abuse in the first degree. The sentence imposed on the rape charge was not harsh or excessive, and we decline to modify that portion of the sentence. The sentence imposed for sexual abuse, however, was unlawful. Sexual abuse in the first degree is a class D violent felony (Penal Law § 70.02 [1] [c]), and the mandatory minimum indeterminate term of imprisonment that could be imposed upon a second felony offender was 2 to 4 years. Under the circumstances, we vacate the sentence imposed on the conviction for sexual abuse in the first degree and remit this matter for resentencing on that conviction. (Appeal from judgment of Supreme Court, Monroe County, Doyle, J.—rape, first degree.) Present—Denman, J. P., Green, Balio, Lawton and Davis, JJ.