■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SEGARRA, Appellant. [847 NYS2d 564]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered May 9, 2003, convicting defendant, after a jury trial, of sodomy in the second degree and endangering the welfare of a child, and sentencing him to an aggregate term of $2^{1}/_{3}$ to 7 years, unanimously affirmed.

The court properly applied the Rape Shield Law (CPL 60.42) in precluding evidence of the child victim's alleged prior sexual conduct. The Shield Law applied because defendant was essentially seeking to establish the victim's conduct, and not merely offering the victim's statements about such conduct as allegedly relevant to his state of mind. Regardless of whether the Shield Law applied, the connection between the proffered evidence and the victim's motive or ability to fabricate sodomy charges against defendant was so tenuous that the evidence was entirely irrelevant (*see generally People v Williams*, 81 NY2d 303, 312-315 [1993]). We note that the prosecutor never made any arguments that could be viewed as opening the door to such evidence. In any event, defendant was still able to place this alleged conduct before the jury at several junctures, including his own testimony and his cross-examination of the victim. We find no violation of defendant's right to confront witnesses and present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]; *Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). Finally, were we to find any error, constitutional or otherwise, we would find it harmless in view of the overwhelming evidence of defendant's guilt, including defendant's taped admissions which demonstrate convincingly his sexual conduct with this 13-year-old victim.

We see no reason to remand this case for a determination as to whether the People made an incomplete disclosure of *Rosario* material, since there is no evidence suggesting that the People violated their disclosure obligations, and since defendant abandoned any such objection by failing to pursue it at a time when it could have been easily resolved (*see People v Tamayo*, 222 AD2d 321 [1995], *lv denied* 88 NY2d 886 [1996]). Concur—Mazzarelli, J.P., Saxe, Marlow, Catterson and Malone, JJ.