# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

198

KA 07-00943

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                              MEMORANDUM AND ORDER

ROBERT C. HALTER, DEFENDANT-APPELLANT.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Stephen R. Sirkin, A.J.), rendered February 27, 2007. The judgment convicted defendant, upon a nonjury verdict, of sexual abuse in the first degree, rape in the second degree, criminal sexual act in the second degree, and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of, inter alia, sexual abuse in the first degree (Penal Law § 130.65 [3]), and rape in the second degree (§ 130.30 [1]). Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Where, as here, the determination of guilt or innocence requires an assessment of the credibility of the witnesses, we afford "[g]reat deference . . . to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (*id.*).

Contrary to defendant's further contention, County Court properly applied the Rape Shield Law (CPL 60.42) in precluding evidence of the alleged prior sexual conduct of one of the victims. "Regardless of whether the [Rape] Shield Law applied, the connection between the proffered evidence and the victim's motive or ability to fabricate sodomy charges against defendant was so tenuous that the evidence was entirely irrelevant" (*People v Segarra*, 46 AD3d 363, 364, *lv denied* 10 NY3d 816; *see generally People v Williams*, 81 NY2d 303, 312-315).

Defendant failed to preserve for our review his further contention that the court erred in permitting the mother of the

victims to testify that one of them had reported the incidents to her (*see People v Rodriguez*, 284 AD2d 952, *lv denied* 96 NY2d 924; *People v Graham*, 167 AD2d 866, *lv denied* 77 NY2d 906).  Defendant also failed to preserve for our review his contention that the court failed to take into account jail time credit to which he is entitled in determining the duration of the order of protection (*see People v Nieves*, 2 NY3d 310, 315-317).  We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court