# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**762**

**KA 10-00814**

PRESENT: SMITH, J.P., CENTRA, FAHEY, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                  MEMORANDUM AND ORDER

ANTHONY CARRASQUILLO, DEFENDANT-APPELLANT.

---

RONALD C. VALENTINE, PUBLIC DEFENDER, LYONS (WILLIAM G. PIXLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (WENDY EVANS LEHMANN OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered March 2, 2010. The judgment convicted defendant, upon a jury verdict, of rape in the second degree, criminal sexual act in the second degree, sexual abuse in the third degree (four counts), endangering the welfare of a child, rape in the third degree and perjury in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the orders of protection and as modified the judgment is affirmed, and the matter is remitted to Wayne County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, rape in the second degree (Penal Law § 130.30 [1]). The sexual crimes of which defendant was convicted arose from acts that he committed in 2007 and 2009. Defendant contends that County Court erred in denying his motion in limine seeking to introduce evidence to explain the presence of DNA material found on the rape kit performed on the victim after the sexual conduct that occurred in 2009. In denying the motion, County Court stated that it could not rule upon the issue until a question was asked and an objection interposed, thus implicitly indicating that it would reconsider the issue. We therefore conclude that defendant abandoned that contention, because he failed to renew his motion to admit the excluded testimony at the appropriate time specified by the court (*see People v Graves*, 85 NY2d 1024, 1027; *People v Midura*, 54 AD3d 877, *lv denied* 11 NY3d 856). In any event, we conclude that defendant's contention lacks merit inasmuch as "the connection between the proffered evidence and the victim's motive or ability to fabricate [the] charges against defendant was so tenuous that the evidence was entirely irrelevant" (*People v Segarra*, 46 AD3d 363, 364, *lv denied* 10 NY3d 816).

Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of sexual abuse in the third degree (Penal Law § 130.55) under count six of the indictment because his motion for a trial order of dismissal was not " 'specifically directed' " at the alleged deficiency in the evidence (*People v Gray*, 86 NY2d 10, 19).  In addition, defendant failed to renew his motion after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678).  In any event, that contention is without merit (*see People v Sene*, 66 AD3d 427, *lv denied* 13 NY3d 941).

As defendant contends and the People correctly concede, the court erred in fixing the duration of the orders of protection because they exceed the eight-year period following the expiration of the maximum sentences imposed (*see People v Whitfield*, 50 AD3d 1580, 1581, *lv denied* 10 NY3d 965).  In addition, it appears from the record before us that the court failed to take into account the jail time credit to which defendant is entitled.  Although defendant failed to preserve his contentions for our review (*see People v Nieves*, 2 NY3d 310, 315-317), we nevertheless exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We therefore modify the judgment by amending the orders of protection to render them in compliance with CPL 530.13 (4) and to take into account the jail time credit to which defendant may be entitled, and we remit the matter to County Court to make the appropriate calculations.

Contrary to defendant's further contention, the sentence is not unduly harsh or severe.  We note, however, that the amended certificate of conviction incorrectly reflects that all of the sentences are to be served consecutively to each other, and the People correctly concede that the court directed that the sentences imposed on certain counts are to be served concurrently with each other.  The amended certificate of conviction must therefore be further amended to reflect that the sentences imposed on counts one through four are to be served concurrently with each other, and that the sentences imposed on counts five through eight are to be served concurrently with each other but consecutively to counts one through four, and that the sentence imposed on count nine is to be served consecutively both to counts one through four and to counts five through eight (*see People v Martinez*, 37 AD3d 1099, 1100, *lv denied* 8 NY3d 947).

Entered:  June 10, 2011                          Patricia L. Morgan
                                                Clerk of the Court